2018 SEVENTH AVE., INC., Respondent, *v.* NACH-HAUS LEASING CORPORATION, Appellant.

Argued January 4, 1943; decided January 21, 1943.

*T. E. Purcell* for appellant. Where there have been two former actions in which the claim or demand sought to be relitigated has been decided contrarily both parties may assert their claims anew. (*Shaw* v. *Broadbent*, 129 N. Y. 114; 34 C. J. 749; *Mersereau* v. *Pearsall*, 19 N. Y. 108; 2 Smith's Leading Cases, 620.) The respondent is bound by the former adjudications upholding the appellant's claims of fraud. (*Goldberg* v. *Schlesinger*, 86 N. Y. S. 209; *Mora* v. *Kuntz*, 173 N. Y. S. 739; *Carleton* v. *Lombard Ayres & Co.*, 149 N. Y. 137; *Prudence Co.* v. *160 West 73rd Street Corp.*, 260 N. Y. 205; *Klasco Finance Corp.* v. *Belleaire Holding Corp.*, 257 N. Y. 1.) The foreclosure suit of the savings institution; the judgment and sale of the premises; the removal of appellant from the premises through default in payment of interest and taxes on the property, and appellant's affirmative defenses based on said default, have not been in issue in any of the actions preceding this action for foreclosure of the chattel mortgage and these defenses, therefore, cannot be prejudiced by the decision in the rescission suit, upon which the motion for summary judgment was granted. The respondent has waived the benefit of any estoppel

growing out of the decision and judgment in the rescission suit by afterwards admitting in an affidavit that the respondent is not a holder in due course of the promissory notes, upon which, together with the chattel mortgage, this foreclosure suit is based. (*Pray* v. *Hegeman*, 98 N. Y. 351; 31 C. J. Secundum, p. 281: *Bridger* v. *Goldsmith*, 143 N. Y. 424.)

*David Seid* for respondent. The judgment in the rescission suit must prevail as *res judicata* over other judgments which are not between the same parties. (*Paradise* v. *Ridley*, 19 N. Y. S. [2d] 24.) The Municipal Court action of the receiver could not in any way affect plaintiff's rights to the lease, chattel mortgage or notes. (*O'Brien* v. *Brody*, 260 N. Y. S. 500; *Markantones* v. *Madlan Realty Corp.*, 262 N. Y. 354; *St. John* v. *Fowler*, 229 N. Y. 270; *Haverhill* v. *International Ry. Co.*, 217 App. Div. 522; *Buffalo Fire Appliance Corp.* v. *City of Norwich*, 281 N. Y. S. 939; *Booth* v. *Powers*, 56 N. Y. 22; *Kessler* v. *Fligel*, 240 App. Div. 232; *Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325; *Rosenwasser* v. *Amusement Enterprises*, 150 N. Y. S. 561; *Pryor* v. *Foster*, 130 N. Y. 171.) The Municipal Court action of plaintiff's assignee can in no way affect plaintiff's rights to the chattel mortgage or notes. (*Markantones* v. *Madlan Realty Corp.*, 262 N. Y. 354; *O'Brien* v. *Brody*, 260 N. Y. S. 500; *N. Y. Life Ins. Co.* v. *Fulton Devel. Corp.*, 271 N. Y. S. 565.)

RIPPEY, J. On the 14th day of December, 1937, Cornell Arms, Inc., and Nach-Haus Leasing Corp. entered into a written agreement whereby Cornell Arms, Inc., sold to Nach-Haus Leasing Corp. all of its right, title and interest in and to the furniture, personal fixtures, equipment, linens, beddings and good will of the business being conducted at No. 850 West End avenue in the city of New York, together with other specific goods and chattels covered by a schedule annexed to the agreement, and for the execution and delivery of a lease contemporaneous therewith covering the real property at said address for a term of ten years. As security for part of the purchase price of the personal property the purchaser executed and delivered to the seller a series of forty-seven promissory notes aggregating in amount the sum of $7,000 and it was provided that in the event of default in payment of any

note, installment or interest or in any of the terms of the instrument and the continuance of the default for a period of ten days, the amount unpaid should thereupon become immediately due and payable. A lien was created upon the chattels for the payment of the unpaid balance of the purchase price. By the terms of the lease the lessee agreed to pay to the lessor the sum of $120,000, in ten years, in equal monthly installments of $1,000 in advance commencing with the 15th day of December, 1937. The real property was encumbered by a mortgage for $110,000 held by the Dry Dock Savings Institution which was a first lien upon the realty and by a mortgage owned by the plaintiff in this action which constituted a second lien thereon.

On November 10, 1939, Cornell Arms, Inc., assigned to the plaintiff all of its rights under the aforesaid agreement and the lien which it had thereunder, together with twenty-two of the aforesaid forty-seven notes, numbered twenty-six to forty-six, inclusive, each in the sum of $150, and note numbered forty-seven, in the sum of $100, aggregating $3,250.

On September 29, 1941, plaintiff commenced this action to foreclose its lien and demanded judgment against the defendant for the sum of $3,250 upon the aforesaid notes, with interest from December 14, 1937. In the answer interposed by defendant, for a first affirmative defense, defendant alleged that the chattel mortgage in question was given to secure a lease which was fraudulently obtained of the defendant by plaintiff's assignor and that the lease was void and the mortgage given was void and of no effect. Thereupon a motion was made by the plaintiff to strike out that defense on the ground that the issue had been adjudicated between the same parties against the defendant. The defense was stricken from the answer and defendant was given leave to serve an amended answer, which it did.

The amended answer contained denials of material allegations of the complaint and for a first affirmative defense defendant alleged that no demand had been made for the payment of the notes sued upon. For a second affirmative defense defendant pleaded a judgment in an action in the Municipal Court of the City of New York brought for the purpose of collecting an item of

$1,000 which was alleged to be the rent for the month of November, 1939 of the real property, in which action one Sarah Seid was plaintiff and the defendant herein was defendant and wherein the complaint was dismissed on the merits and the judgment of dismissal, upon appeal, was affirmed. It was therein alleged that the lease, chattel mortgage and notes were held void and unenforceable by courts of competent jurisdiction. It was further alleged that the said Sarah Seid was a mere nominal party plaintiff as assignee and that the assignment to her was merely a colorable one for the purpose of testing the validity of the lease, chattel mortgage and notes without running the risk of being held liable for costs, and that the plaintiff was the real plaintiff in that action and was bound by the final decision therein. As part of that defense it was also alleged that a receiver in an action brought to foreclose the mortgage held by the Dry Dock Savings Institution on November 22, 1939, attempted to affirm the lease, chattel mortgage and notes and brought an action against the defendant for rent for the month of November, 1939, that the defendant defended in that action on the ground of fraud in the inducement of the lease and after a jury trial a verdict was rendered in favor of the defendant sustaining the defense of fraud and holding the lease, chattel mortgage and notes void and unenforceable. For a third affirmative defense the defendant alleged that the plaintiff's assignor failed to carry out obligations of the original contract which constituted conditions precedent to defendant's obligation to pay the notes in question. For a fourth affirmative defense the defendant alleged that the lease, chattel mortgage and notes were voided and set aside by the foreclosure of the mortgage held by the Dry Dock Savings Institution which relieved the defendant of the necessity of making any further payments to the owner of the chattel mortgage or to its assignee. For a fifth affirmative defense the defendant alleged that some portion of the chattels sought to be recovered in this action were included in the inventory attached to the complaint by mutual mistake of the mortgagee and the mortgagor since title thereto was in third parties.

The plaintiff thereupon moved for summary judgment upon the complaint and the amended answer, accompanied by affidavits, under rule 113 of the Rules of Civil Practice, and set up a judgment

in the Supreme Court in which the present defendant was the plaintiff and the present plaintiff and a number of others were defendants. In that action the plaintiff sought to set aside the whole transaction and to be relieved from any further performance under its contract on the ground that the same was procured by the defendants' fraud, concealment and false representations in its inception. After a trial, findings of fact and conclusions of law were made and judgment entered holding that there was no fraud in the inducement. In the order made at Special Term it is stated that the decision in that action conclusively established that the plaintiff was an innocent purchaser for value of the promissory notes executed and delivered by the defendant and, under those circumstances, no triable issue was presented and the motion to strike out the amended answer and for summary judgment in favor of the plaintiff was granted. Thereupon summary judgment was docketed for the foreclosure of the lien and for the amount demanded by the plaintiff in the complaint. That judgment has been affirmed by the Appellate Division by a divided court but it appears that the result of the rescission suit in the Supreme Court was considered on appeal to settle the issues in the instant suit.

The judgment in the rescission action was not *res judicata* as to any issue set up by the defendant in the amended answer. It has been pointed out that the issue of fraud set up in the original answer was stricken out at Special Term. No appeal has been taken from the order entered thereon. The amended answer, in consequence, does not plead fraud as a defense. Upon this motion for summary judgment the order striking out the defense of fraud was not open to revision, nor could it be revised upon the appeal from the summary judgment entered thereafter since it is not specified in the notice of appeal. It follows that we may not consider upon this appeal whether there has been a conclusive determination that the instruments upon which the plaintiff sues were not tainted by fraud or consider any other question of law or fact relating to the defense which has been stricken out. The only issue that appears necessary and material to the decision in the Supreme Court rescission action was that of the alleged fraud in the inception of the contract.

A substantial question of fact is presented by the answer whether the plaintiff's assignor failed to carry out obligations of the original contract which constituted conditions precedent to defendant's obligation to pay the notes in question. That issue was not presented, tried or necessarily involved, material or determined in the rescission action. " The estoppel extends to the material facts which are in issue between the parties to the action, and to such as necessarily bear upon, control and are essential to the adjudication made." (*House* v. *Lockwood*, 137 N. Y. 259, 270). " A judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided." (*Rudd* v. *Cornell*, 171 N. Y. 114, 128; see, also, *Genet* v. *Delaware & Hudson Canal Co.*, 170 N. Y. 278.) If that issue is determined in favor of the defendant, then a further question of fact is presented as to whether the plaintiff is an innocent purchaser for value against whom a defense based upon such failure of plaintiff's assignor to perform conditions precedent to defendant's liability would not be available. Appellant asserts in the instant action that the plaintiff is not a holder in due course of the notes on which the present suit is based. That issue is not concluded by the judgment in the rescission suit (*Silberstein* v. *Silberstein*, 218 N. Y. 525). Respondent asserts in its brief in this court that it " never claimed to be a ' holder in due course ' of the notes, but merely an assignee of Cornell Arms, Inc." If respondent is a mere assignee, the defense of nonperformance of the conditions precedent is material (Personal Property Law, § 41, subd. 3; Cons. Laws, ch. 41; *Siebert* v. *Dunn*, 261 N. Y. 237; Restatement of the Law of Contracts, § 167) and is open to trial in this action in spite of the decision in the rescission action as we have pointed out above, since the only issue necessarily there presented was that of fraud in the inception of the contract.

Upon the hearing on the motion for summary judgment the respondent offered in evidence as an exhibit the judgment roll in another action in which one David Gold was the plaintiff and the present appellant was the defendant. That action was brought in the Municipal Court of the City of New York on August 4, 1941. Gold, who was the president of Cornell Arms, Inc., sued

Nach-Haus Leasing Corporation to recover on one of the promissory notes for $150 and protest fees and interest. The defendant in that action set up as a defense fraud in the inception of the contract and asserted that there was no liability on that account on the note and in the bill of particulars it appears that the defendant was relying on the same issue as that tendered in the Supreme Court action where he asked for a rescission of the contract. That judgment can furnish no ground for the striking out of the answer of defendant and for summary judgment for plaintiff in this case for reasons similar to those barring the judgment in the Supreme Court action as an estoppel.

The records in the actions which are pleaded as affirmative defenses in this action were not before the court on the motion for summary judgment, nor was any part of the record in the Supreme Court action, except the complaint, findings and judgment, before the court. There is nothing here upon which a determination can be made as to the effect of the judgments pleaded by the defendant upon its freedom from liability. That must be determined when the records are before the court.

Upon the foregoing triable issues of fact and, perhaps, upon others which we do not pause to develop, depends the right of the plaintiff upon the pleadings here presented to recover the amount, if any, that may be due and owing to it under the contract of December 14, 1937, its right to foreclose its lien upon the chattels and to recover any deficiency.

The answer may not be stricken out and summary judgment entered in favor of the plaintiff under rule 113 of the Rules of Civil Practice where the evidentiary facts set up in the moving papers fail to establish the cause of action sufficiently to entitle plaintiff to judgment or where a triable issue of fact other than the question of the amount of damages for which judgment should be granted appears. The record in this case does not present a case for summary judgment.

The judgments should be reversed and the motion for summary judgment denied, with costs to the appellant to abide the event. (See 289 N. Y. 650, 761, 848.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.