■ SIMPSON BOX & LUMBER COMPANY, INC., Respondent, v. JAMES P. CRILLY et al., Appellants, et al., Defendants.— Order and judgment, (one document) and supplementary judgment unanimously reversed on the law and facts with costs, and motion denied. Memorandum: Summary judgment should not have been granted because plaintiff failed to establish the validity of its lien by sufficient evidentiary facts (*Curry* v. *Mackenzie,* 239 N. Y. 267, 269, 270; *Barrett* v. *Jacobs,* 255 N. Y. 520; *2018 Seventh Ave., Inc.* v. *Nach-Haus Leasing Corp.* 289 N. Y. 490, 497) and because the record discloses the likelihood of defenses that depend on evidence in possession of plaintiff and defendant Ranalletta, which is not possessed by appellants. (*Proctor & Gamble Distr. Co.* v. *Lawrence Amer. Field Warehousing Corp.,* 16 N Y 2d 344, 362; *Crocker-Citizens Nat. Bank* v. *L. N. Magazine Distributors,* 26 A D 2d 667; *Marine Midland Trust Co. of Northern N. Y.* v. *Macaluso,* 30 A D 2d 932.) The judgment appealed from decrees that plaintiff has a mechanics lien for materials supplied by it to defendant Ranalletta which were used in the improvement of premises thereafter conveyed to appellants who were contract vendees of the property when the materials were supplied and used. The validity of plaintiff's lien depends upon proof that five 2 by 4s worth $7.32 were delivered to defendant Ranalletta on April 28, 1966 and were used in the improvement of the premises. Plaintiff's deliveries to the subject premises commenced November 2, 1965 and

concluded December 2, 1965 with the exception of the alleged April 28, 1966 delivery which was made after the time had expired for plaintiff to file a lien for previously supplied materials. By making this minor delivery plaintiff's right to file a lien would be renewed for four months if the 2 by 4s were in fact received and used in the improvement. Plaintiff's delivery man testified on an examination before trial that he did not deliver the 2 by 4s listed in the April 28, 1966 invoice and that the only record of such delivery would be a time card upon which a notation of the delivery would be made. No such time card was produced. Ranalletta's signature on the invoice is an admission by him but it is not binding on appellants and is insufficient to establish delivery against them. Under the circumstances plaintiff's conclusory affidavits that all the materials shown in 11 invoices were delivered and used is insufficient to justify the granting of summary judgment. The weakness of such proof is demonstrated by invoice 7812, which contains a date and place of delivery unrelated to improvement of the premises in question. Definite proof of when and in what manner the 2 by 4s were delivered and incorporated into the structure was called for and is lacking. Ranalletta made 12 payments to plaintiff by checks given after delivery of material to the property none of which were credited as payments on account of such material. There is evidence that Ranalletta ordinarily made notations on his checks specifying the manner in which the payments were to be credited. Summary judgment should not have been granted without affording appellants an opportunity to obtain and inspect the cancelled checks. An issue is also presented as to the rights of appellants as contract vendees. Although not specifically raised by them in the pleadings, the court on a motion for summary judgment considers the facts without regard to the pleadings (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272, *supra*) and summary judgment will not be granted where there is any doubt as to the existence of triable issues of fact. (*Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 404.) Appellants' contract, having been recorded on August 19, 1966, had priority over plaintiff's lien which was filed on August 23, 1966 (Lien Law, § 13, subd. [2]). Appellants had theretofore paid $13,000 on their contract and there were mortgage liens of $5,118.40 which predated plaintiff's lien. The rights and priorities of the parties in respect of appellants' vendee's lien and the amount thereof should be determined upon a trial. (Appeal from judgment and supplementary judgment of Monroe County Court in a foreclosure action.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.