SAMUEL WAXMAN, Respondent, *v.* JACOB WILLIAMSON, Appellant.

(Argued February 10, 1931; decided March 24, 1931.)

*Albert C. Jordan* for appellant. It is not the object of Civil Practice rule 113 to deprive any one who has a right to a jury trial of an issue of fact but to require a defendant to show he has an arguable defense. (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *Nyles* v. *Seeler,* 240 N. Y. 650; *Weiss* v. *Goldberger,* 209 App. Div. 615; *Security Finance* v. *Stewart,* 131 Misc. Rep. 538; *Goldstein* v. *Korf,* 203 N. Y. Supp. 119; *Karpass* v. *Baudler,* 218 App. Div. 418; *Canajoharie Bank* v. *Diefendorf,* 123 N. Y. 191; *Kelso* v. *Ellis,* 224 N. Y. 528; *Eichinger* v. *Zimmerlein,* 230 App. Div. 708.)

*David Harrison* for respondent. Summary judgment was properly granted under rule 113. (*M'Bee* v. *Shoemaker,* 174 App. Div. 291; *Horan* v. *Mason,* 141 App. Div. 89; *Hanna* v. *Mitchel,* 202 App. Div. 504; 235 N. Y. 534; *Hoof* v. *Hunter Corp.,* 193 N. Y. Supp. 91; *Dwan* v. *Massarene,* 199 App. Div. 872; *McAnsh* v. *Blauner,* 222 App. Div. 381; *Davison Coal Co.* v. *Interstate Coal & Dock Co.,* 193 N. Y. Supp. 883; *Curry* v. *Mackenzie,* 239 N. Y. 267; *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *Nyles* v. *Seeler,* 240 N. Y. 650; *Security Finance* v. *Stewart,* 131 Misc. Rep. 538.)

KELLOGG, J. The complaint alleges that the defendant, on March 25, 1925, made and delivered to Jacob Becker a certain promissory note; that the defendant thereby promised to pay Jacob Becker, on or before one year from date, the sum of $2,000, with interest at eight per cent; that the note was indorsed and transferred to Frank Becker; that the note was duly presented for payment at maturity and payment refused; that the

note was thereafter indorsed and transferred by Frank Becker to the plaintiff. The answer denied all the allegations of the complaint, except that it admitted the making and delivery of the note. It also set up, as an affirmative defense, that the note was given to secure a payment in part of the purchase price of a parcel of land purchased by the defendant from the payee; that the purchase was made subject to an existing mortgage of $13,500; that the defendant gave a mortgage to secure the note in suit; that in and by the terms of the mortgage the mortgagee, who was also the payee of the note, stipulated with the defendant that at the maturity of the note the mortgagee would pay off the $13,500 mortgage and take back a new first mortgage for $9,000 due in one or two years from date; that the mortgagee failed to take up the first mortgage at the maturity of the note; that thereupon, as stipulated in the second mortgage, that instrument as well as the note in suit became null and void.

On a motion, made by the plaintiff, to strike out the answer and have summary judgment, as provided in rule 113 of the Rules of Civil Practice, it appeared by affidavit, without dispute, that the note was executed, delivered, indorsed, transferred, presented for payment, and refused payment, all as alleged in the complaint. The original mortgage given by the defendant to secure the payment of the note was exhibited to the court when the motion was presented. No stipulation, such as that set up in the answer, was contained therein. The actual stipulation provided that the mortgagee, at maturity of the mortgage, would accept, in addition to the amount unpaid on the note, the sum of $4,500; that he would thereupon take up the first mortgage for $13,500, and receive from the defendant mortgagor a new mortgage for the sum of $9,000. As the defendant never paid the $4,500, the mortgagee never became obligated to take up the first mortgage. All the allegations of the complaint, as we have heretofore stated them, were

established beyond dispute; all of the affirmative matter set up in the answer was conclusively shown to be false.

The complaint, in addition to the matter which we have recited, alleged that the note in suit contained a further promise than to pay $2,000. This promise, admitted by the answer, was that if the defendant failed to pay the note at maturity, and suit for the collection thereof was instituted, the defendant would " pay reasonable attorney's fees for such collection." The complaint alleged, and the answer denied, that a reasonable sum was twenty per cent of the principal of the note. An affidavit by the plaintiff to the same effect was not met by any affidavit on the part of the defendant. Moreover, on the argument before us, the defendant's counsel stated that he did not dispute that ten per cent upon the principal, allowed in the judgment for attorney's services, was a reasonable sum. There can be no doubt that the answer was properly stricken out, and that the plaintiff was entitled to a summary judgment for the principal sum of the note. The only question in doubt is the interesting one whether or not the agreement to pay an uncertain sum for attorney's fees constituted " a debt or liquidated demand," within rule 113 of the Rules of Civil Practice, so that an allowance therefor, included in the summary judgment, was proper to be made.

It is well known that the early concept of debt was that of a grant and not of a promise (Ames, Lectures on Legal History, p. 150; Plucknett, A Concise History of the Common Law, p. 409); that the action of debt, to procure a return of the *res*, lay only for the recovery of a sum certain, the precise amount granted (Ames, p. 89; Street, Foundations of Legal Liability, vol. 3, p. 135; *Young* v. *Ashburnham*, 3 Leon. 161); that the action of *indebitatus assumpsit*, " a special action on the case in the nature of debt " (Street, p. 187), based upon an implied promise to pay a precedent debt, was a novelty introduced to provide a less restricted remedy (Pound

and Plucknett, Readings on the History and System of the Common Law [3d ed.], 122; Blackstone, Commentaries, Book III, pp. 154–157); that it was one of the common counts in *assumpsit*, of which others were *quantum meruit* and *quantum valebat* (Chitty, Pleadings [16th ed.], vol. 1, p. 351); that, in the broad sense of the term, *indebitatus assumpsit* was inclusive of the *quantum* counts, and that the reasonable value of services performed or goods delivered might be recovered thereunder. (Street, pp. 183, 185.) We know that, as far back as the year 1603, it was held that a tailor who undertook to fashion a garment for an indefinite price might have " a special action of debt " for the recovery of a reasonable sum for his services (*The Six Carpenters Case*, 4 Coke, part 8, p. 290); that it is stated in 3 Comyn's Digest: Debt " lies, if the sum be not certain, if it may be ascertained: as * * * to pay a tailor *quantum meruit* for making garments, and finding necessaries for them " (Digest, Debt, A-8); that the concept of an implied promise, upon which *indebitatus assumpsit* is based, was deplored by VAUGHAN, J., as " a false gloss, thereby to turn actions of debt into actions on the case; for contracts of debt are reciprocal grants." (*Edgecomb* v. *Dee*, Vaughan, 89, 101.) Professor Ames has said that it soon became the practice " to declare in *indebitatus assumpsit* when no price had been fixed by the parties, the verdict of the jury being treated as equivalent to the determination of the parties at the time of bargain." (Ames, p. 90.) Chitty stated that it had long been the opinion of the profession that " under an *indebitatus* count in *assumpsit* or debt the plaintiff may recover, although there be no evidence of a fixed price " (p. 352). *Indebitatus assumpsit* became " the common mode, by which debts of this sort are usually sued for and recovered." (Pound and Plucknett, p. 122.) In this country it has been held that debt lies for the recovery of a sum not ascertained, *i. e.*, a *quantum meruit*. (*Smith* v. *First Congregational Meetinghouse*, 8 Pick. 178; *Norris*

v. *School District*, 12 Me. 293; *Mahaffey* v. *Petty*, 1 Ga. 261; *Thompson* v. *French*, 18 Tenn. 453; *Mayor* v. *Butler*, 1 Barb. 325, 339.) Our rule 113, as we have seen, provides for summary judgments " in an action to recover a debt or liquidated demand." Irrespective of the nature of the action, whether it be debt, *indebitatus assumpsit*, or some action otherwise termed, the fact remains that history accords with the common usage of the day, in treating an obligation to pay the reasonable value of services rendered or goods delivered as " a debt," an action to recover which is necessarily " an action to recover a debt."

We are said to have borrowed our rule 113 from the Supreme Court Rules of the English courts. (*Wile* v. *Nassau S. & R. Works, Ltd.*, 205 App. Div. 657; *Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749.) The case of *Lagos* v. *Grunwaldt* (L. R. [1910] 1 K. B. 41), an action to recover the reasonable value of attorney's fees, therefore, possesses singular interest upon this issue. In that case, COZENS-HARDY, M. R., discussing the propriety of a summary judgment permitted by Order XIV of the Rules of the Supreme Court, said: " Under Order XIV the first thing that has to be done is to have the writ specially indorsed under Order III, r. 6, and all that is required by Order III, r. 6, is that the plaintiff should be seeking to recover for a debt or liquidated demand of money. I think this is within the meaning of that rule. It is a liquidated demand for money, 1469£, or something which could have been claimed under the old *indebitatus* count." FARWELL, L. J., said: " It is a claim on contract for *quantum meruit*. In my opinion that is within the rule." After referring to a statement in Bullen and Leake [2d ed.], page 28, to the effect that the *quantum meruit* and *quantum valebat* counts had been superseded by the general application of the *indebitatus* counts, the Lord Justice continued: " In my opinion that is the true view; everything that could be sued for

under those counts comes within the description of debt or liquidated demand." .

We think that, in so far as this is an action to recover the reasonable value of an attorney's services, it is an action "to recover a debt;" that as the value of the services are conceded to be the amount allowed, the summary judgment was proper.

The judgment should be affirmed, with costs. (See 256 N. Y. 587.)

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.