Samuel Jacobs, J.
This proceeding, instituted by an order to show cause, dated September 22, 1959, seeks to vacate and set aside a default judgment entered against defendant November 7,1957.
The original suit is based upon two causes of action — one, for rent, in the amount of $65; the second, for defendant’s alleged damage to premises owned by plaintiff and occupied by defendant, in the sum of $305. All the pleadings were verified. Both *302 parties, since . the action was instituted, had substitution of attorneys.
It is contended that on November 7, 1957, plaintiff’s attorney received a message from defendant’s attorney (through a third party) stating that it was agreeable that judgment be taken. Plaintiff, thereupon, and without submitting any proof to the court, obtained judgment in the sum of $370.
Plaintiff argues that under section 253 of the Albany City Court Act (L. 1931, ch. 414) defendant is limited to six months within which to open a default judgment or, at most, is limited to one year, if section 108 or section 521 of the Civil Practice Act applied.
It is the view of this court that defendant is not limited by any of these sections. The granting of the judgment without proof required as to the second cause of action constituted a nullity. Judgment can be granted without proof only in those cases specified in section 485 of the Civil Practice Act. The cause of action for damages, contained in plaintiff’s second' cause of action, does not come within that section. This court, therefore, lacked jurisdiction to grant such judgment without the taking of testimony and assessing damage.
Since the court was without authority to act, the granting of judgment was baseless and void; the motion to vacate is, therefore, not limited by time. (Bouker Contr. Co. v. Neale, 161 App. Div. 617.)
The judgment herein is vacated, and the matter is placed on the Reserve Calendar, with permission to move within 10 days, to set a date for trial.