Vixcext A. Ltjpiaxo, J.
In this proceeding the judgment creditor contends that his executions delivered to the Sheriff are not only paramount but certain other executions are invalid. Accordingly, the judgment creditor seeks an order directing the Sheriff to enforce his executions. The prior garnishee executions are in favor of two other alleged judgment creditors. One of the other creditors is the mother of this judgment debtor. The latter had indorsed certain notes which evidence loans that had been made by this judgment creditor, and the other two alleged judgment creditors and the notes held by the latter were later substituted by bonds maturing on September 1, 1962. On October 31, 1959, this judgment creditor was informed by the maker of the notes that it was unable to meet its obligations. The actions in which the other judgment creditors secured their judgments were commenced on September 4, 1959 by service on that day of complaints verified on that dayi There being a default in answer, judgments were entered by the Clerk of the Supreme Court, Queens County, on September 25,1959. Garnishee executions based on these judgments were delivered to the Sheriff on October 5 and October 8,1959. This judgment debtor has testified in supplementary proceedings that he was employed simultaneously by two corporations to which the garnishee executions were directed. Of one of the corporate employers this debtor’s mother is the vice-president and his uncle is the president. And of the other corporate employer the president is also one of the other judgment creditors and the mother and uncle of this debtor are its stockholders.
It is charged that the judgments entered in those actions were entered without authority, are invalid and void, and that the garnishee executions issued on the basis thereof are likewise void. The contention is based on the nature of those actions requiring the entry of judgment by the court and not by the Clerk. The complaints in these actions are rested on the bonds and it was therein alleged that “ the defendant [this *179 judgment debtor] agreed to purchase said bond from the plaintiff upon the plaintiff’s request for the sum of $10,000 ” and, further, that ‘ ‘ the plaintiff has requested and demanded of the defendant that defendant purchase said bond from the plaintiff, in accordance with the agreement between them as hereinabove alleged, but the defendant has failed and refused to purchase said bond and pay therefor ’ ’.
Section 132 of the Personal Property Law provides: “ When the seller is ready and willing to deliver thé goods, and requests the buyer to. take delivery, and the buyer does not within a reasonable time after such request take delivery of the goods, he is liable to the seller for any loss occasioned by his neglect or refusal to take delivery”. The resulting damage sustained by the plaintiffs in those actions, if any, was unliquidated and would depend on the value of the bonds. It must be assessed by the court (Civ. Prac. Act, § 485).
The other judgment creditors contend that any attack upon the judgments must be made in the actions in which they were obtained. It is this contention which is dispositive of this application. The demand made by the creditors in their complaints was not capable of ascertainment by computation only. In Reichbart v. Smith-Eisemann Corp. of America (199 App. Div. 571, 573) the court stated:
“ The plaintiff’s cause of action is for damages by reason of failure of the buyer to accept delivery (Pers. Prop. Law, § 132, as added by Laws of 1911, chap. 571) or a resale and an action for the loss sustained. Sufficient facts are not alleged in the complaint to sustain either of these causes of action.
‘ ‘ The plaintiff contends that the motion should not have been granted, for the reason that it stated a good cause of action at common law, and if a complaint states any cause of action, a demurrer cannot be sustained. The statute, however, has changed the common law of this State, so that there exists now no common-law right of action for the purchase price, based upon a tender of goods and refusal of the buyer to accept them.”
In this instance the property was not delivered, a requisite for entry of judgment by the Clerk pursuant to section 485 of the Civil Practice Act. On the question of jurisdiction which the judgment creditors raise, the court in Rappaszo v. Nardacci (20 Misc 2d 301, 302), stated: “ The granting of the judgment without proof required as to the second cause of action constituted a nullity. Judgment can be granted without proof only in those cases specified in section 485 of the Civil Practice Act. The cause of action for damages, contained in plaintiff’s second cause of action, does not come within that section. This court, *180 therefore, lacked jurisdiction to grant such judgment without the taking of testimony and assessing damage. Since the court" was without authority to act, the granting of judgment was baseless and void”. The claimed lack of jurisdiction may be raised by collateral attack which is not restricted to the parties (Nervo v. Mealey, 175 Misc. 952). (See 1 Freeman, Judgments [5th ed.], p. 733.) In the Ñervo case (supra, pp. 954-955), the court stated: “ The proposition is also well stated by the Supreme Court of the State of Colorado: ‘ Jurisdiction, in its fullest sense, is not restricted to the subject-matter and the parties. If the court lacks jurisdiction to render or exceeds its jurisdiction in rendering, the particular judgment in the particular case, such judgment is subject to collateral attack, even though the court had jurisdiction of the parties and of the subject-matter.’ (People ex rel. Arkansas, etc., v. Burke, 72 Col. 486; 212P. 837, 844.) It is the lack of power of the magistrate that renders his judgment void. ‘ Nevertheless in the actual rendition of the judgment, the court must remain within its jurisdiction and powers. For it is the power or authority behind the judgment, rather than the mere result reached, which determines its validity and immunity from collateral attack. A wrong decision made within the limits of the court’s authority is error correctable on appeal or other direct review, but a wrong or for that matter a correct decision where the court in rendering it oversteps its jurisdiction and power is void and may be set aside either directly or collaterally ’ ’ ’.
Accordingly, the motion is granted and the Sheriff of the City of New York, Division of New York County, is directed to cancel the two executions issued pursuant to section 684 of the Civil Practice Act delivered to him on or about October 5, 1959, wherein Sadie Polakewitz is the judgment creditor and Lester Pollack is the judgment debtor, one execution directed to Waltham Shirt Co., Inc., and the other to Gilmar Shirt Co., Inc., and to cancel the two executions issued pursuant to section 684 of the Civil Practice Act delivered to him on or about the 8th day of October, 1959, wherein Irving P. Yates is the judgment creditor and Lester Pollack is the judgment debtor, one execution directed to Waltham Shirt Co., Inc., and the other to Gilmar Shirt Co., Inc., and the Sheriff is further directed to apply all moneys henceforth received from the judgment debtor’s employers, Waltham Shirt Co., Inc., and Gilmar Shirt Co., Inc., to the payment of the judgment set forth in the two executions issued pursuant to section 684 of the Civil Practice Act, delivered to him on November 30, 1961, wherein Isidore Strulson is the judgment creditor and Lester Pollack, the judgment debtor, one *181 execution directed to Waltham Shirt Co., Inc., and the other to Gilmar Shirt Co., Inc., and that the said Sheriff is further directed to pay over to B. F. Lerch, as the attorney for the judgment creditor, Isidore Strulson, all moneys received by him pursuant to the cancelled executions in reduction of the amount due under the judgment set forth in the last-mentioned executions.