Mario Pittoni, J.
This is a motion by plaintiff for summary judgment in an action to recover the unpaid balance of a promis *1004 sory note, together with an attorneys’ fee computed in the amount of 20% on such balance. The complaint also includes a cause of action to recover the amount by which the corporate defendant overdrew its bank account. The action is brought against the corporate maker of the note and the individual defendants who executed a guarantee of payment of the corporation’s indebtedness to the bank.
The defense consists of an alleged oral assurance given to the defendants by a bank officer that the note would become due at the time a mortgage on premises owned by the corporation was closed, and for which the bank had issued a stand-by commitment. Assuming the truth of this statement, the plaintiff is nonetheless entitled to summary relief.
The plaintiff bank is the named payee of the note which is a demand instrument. The execution and delivery of the note and the guarantees are admitted. If the alleged oral agreement to postpone the due date of the note until the closing of the mortgage was actually made, the condition attaching to the note was a condition subsequent which cannot be used to vary the unconditional promise appearing on the face of the instrument (Ford v. Hahn, 269 App. Div. 436). The alleged agreement, furthermore, is unenforcible. Public policy commands that a person executing a promissory note to a bank be estopped from asserting an oral agreement not to enforce it according to its terms (Manufacturers Trust Co. v. Palmer, 13 A D 2d 772).
The plaintiff, however, is not entitled to summary judgment on the cause of action for attorneys’ fees in the sum of $18,000. The insertion in a note of a provision for the payment of attorneys’ fees is enforcible (Roe v. Smith, 278 N. Y. 364; Waxman v. Williamson, 256 N. Y. 117). However, the stipulated amount inserted in the instrument must be reasonable and undisputed to warrant summary relief (cf. Waxman v. Williamson, supra). While 20% of the unpaid balance of a note may be considered reasonable in a particular case (General Lbr. Corp. v. Landa, 13 A D 2d 804), the same percentage in another case may bear no fair relationship whatever to the services rendered or the amount of the loan involved. Accordingly, a factual issue is presented — although not urged by the defendants — with respect to the reasonableness of the stipulated charge. This issue is respectfully referred to Special Term, Part II, of this court, for hearing and determination on December 2, 1963, subject to such further order as may be made by the Justice there presiding and provided the plaintiff file a note of issue. The motion for summary judgment on the other causes of action is granted.