## (September 19, 1968)

■ MARINE MIDLAND TRUST COMPANY OF NORTHERN NEW YORK, Successor to NORTHERN NEW YORK TRUST COMPANY, Respondent, v. CARMEN J. MACALUSO, as Administrator C. T. A. of the Estate of JOSEPH S. CHALK, Deceased, Appellant.— Judgment and order unanimously reversed on the law and facts, with costs, and motion denied, without costs. Memorandum: Summary judgment should not have been granted because the facts upon which the motion was predicated are not within the knowledge of the defendant but are exclusively within the knowledge of the plaintiff. " Summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, which might be disclosed by cross-examination or examination before trial." (*Procter & Gamble Distr. Co.* v. *Lawrence Amer. Field Warehousing Corp.*, 16 N Y 2d 344, 362; *Crocker-Citizens Nat. Bank* v. *L. N. Magazine Distributors*, 26 A D 2d 667.) (Appeal from judgment and order of Jefferson Special Term granting motion for summary judgment in an action on a promissory note.) Present — Bastow, P. J., Williams, Marsh, Witmer and Henry, JJ.

■ GEORGE R. KEATTING, Respondent, v. FORSYTH INDUSTRIES, INC., Appellant.— Appeal dismissed, without costs, upon stipulation. (Appeal from order of Erie Special Term denying motion to set aside default judgment.) Present — Bastow, P. J., Williams, Goldman, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM STUBBS, Appellant.— Motion for reargument of appeal denied. Memorandum: The volunteer counsel for appellant proceeds in his moving papers upon the false assumption that this court limits its examination of a record on appeal from a judgment of conviction of an indigent defendant to the points presented in the brief of an assigned counsel. Concededly the brief filed herein by such counsel was woefully inadequate. It does not follow, however, that before affirming the judgment we did not examine with care the entire record including the severity of the punishment. For the enlightenment of volunteer counsel this court before affirming the judgment reviewed the probation report that was before the sentencing court. Present — Bastow, P. J., Goldman, Marsh and Henry, JJ.