William G. Easton, J.
This is a motion by the defendant for an order vacating the default judgment entered herein on September 12, 1969, on the grounds that (1) defendant has a good and meritorious defense; (2) that the judgment was improperly entered in that there had been no assessment of damages in accordance with CPLR 3215; and (3) that there was an extension of time to answer between the attorneys which extended beyond the date of entry of the default judgment.
The complaint alleged that the defendant had issued to the plaintiff and that the plaintiff was covered by a so-called policy of collision insurance and that during the period of coverage the plaintiff’s automobile was involved in an accident whereby it was damaged in the amount of $1,100. The default judgment was entered in the amount of $945.75 by application to the Clerk only, without any previous order of the court or assessment of damage. CPLR 3215 concerning default judgments reads in part as follows: “ If the plaintiff’s claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint * * * Where the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment ’ ’.
The amount of damage to an automobile or an article of personal property in an accident or otherwise is not a sum certain nor is it a sum which can by computation be made certain. It is an unliquidated amount and under the above section a default judgment cannot be entered by the Clerk. Therefore, at the outset and without further consideration, the default judgment entered herein was entered without authority to act and its entry was void. It must be set aside and vacated. (Rappazzo v. Nardacci, 20 Misc 2d 301; Matter of Strulson v. Pollack, 33 Misc 2d 177, and 1965 Opns. Atty. Gen. 187, and cases cited.)
*1091 In the case at bar the amount claimed is based on an estimate of damage prepared by a garage or repair shop and as such reflects only opinion. The amount of damages is unliquidated and is not ‘1 a sum certain or one which by computation can be made certain ”. As was said in Geer, Du Bois & Co. v. Scott & Sons Co. (25 A D 2d 423, 424): “ 'Since the Clerk had no power to enter judgment * * * the judgment thus entered was a nullity and the application to vacate the judgment and upon the default should have been granted unconditionally. ’ ’
Although unnecessary to . this decision, it is of significance that from the voluminous papers submitted upon this argument the defendant had no intention of defaulting. Also, defendant has acted promptly to correct the default and has sufficiently indicated that it has or may have a good and meritorious defense. Even though the judgment is void and a nullity, in the interest of justice the defendant should have its day in court. The motion is granted with costs.