Per Curiam.

The introduction into evidence of photographs of the accident site showing subsequent alterations coupled with plaintiff’s arguments that the lack of such alterations as of the date of the accident constituted negligence was prejudicial error. (See Cahill v. Kleinberg, 233 N. Y. 255; Frummer v. Hilton Hotels Int., 60 Misc 2d 840.)
The award of judgment to British Overseas Airways Corporation on its cross claim for indemnification was improper in view of the lack of proof that the obligation for which indemnification was sought had been paid. (See Hevro Realty Co. v. Olaya, N. Y. L. J., Aug. 6, 1971, p. 2, col. 1 [App. Term, 1st Dept.]; 379 Madison Ave., Inc. v. Stuyvesant Co., 242 App. Div. 567, affd. 268 N. Y. 576.)
Judgment in favor of plaintiff and against defendant-appellant should be reversed and new trial ordered, with $30 costs to appellant to abide the event. Judgment in favor of defendant British Overseas Airways Corporation on its cross claim against defendant-appellant reversed and cross claim ¡should be dismissed as premature without prejudice, with $30 costs to appellant.
Concur — Markowitz, P. J., Lupiano and Quinn, JJ.
Judgment reversed, etc.