Burton S. Sherman, J.
In this non jury action the plaintiff seeks to recover attorney’s fees of $14.87 and litigation costs of $2.50 pursuant to a retail installment credit agreement. It provided that if a delinquent account were sent for collection the defendant would pay the attorney’s fees “ but not in excess of 20% of the amount due and payable plus any court costs ”.
The defendant purchased a suit from the plaintiff which he charged to his account. He was a slow payer but periodically sent money orders and bank checks to the plaintiff credit corporation. He was, of course, penalized for this lateness by the imposition of a financial charge of 18% a year on his outstanding balance. Without going into a detailed history of this litigation, the facts are that the delinquent account was referred to plaintiff’s attorney for collection. The balance then owing was $74.36. To this amount, the attorney added a 20% attorney’s fee and sent a claim letter to defendant seeking $89.23. However, there appears to have been a communication problem between the plaintiff’s credit office and its attorney, for in the interim the defendant had paid $30 directly to the credit office. Despite his request to explain the amount claimed in the letter, the defendant continued payment until the original sum of $74.36 was satisfied. However, a default judgment was entered against him which required legal assistance to vacate. He is now confronted with this trial for $14.87 attorney’s fees and costs of $2.50.
*663 While provisions for the payment of attorneys’ fees are now void under retail installment sales agreements (Personal Property Law, § 402, subd. 6) such is not the case with respect to retail installment credit agreements commonly known as charge accounts. Subdivision 5 of section 413 of the Personal Property Law states in pertinent part that unspecified charges may not be made under a retail installment credit agreement except that the agreement “ may provide for the payment of attorney’s fees not exceeding twenty per centum of the amount due and payable ”. However the 20% referred to in the statute is not a fixed fee but a maximum limitation. An attorney must still provide legal services to earn the fee.
In this ease there was no proof offered as to the services rendered or reasonable value thereof. The plaintiff merely offered proof of a 20% charge of the amount sought to be collected. Not only is this in violation of subdivision 5 of section 413 of the Personal Property Law but the very amount used as a basis for the 20% charge was incorrect. Nor does subdivision 5 of section 413 of the Personal Property Law permit the awarding of litigation costs. This case, then, provides a classic illustration why a fixed attorney’s fee is not permitted by the aforementioned statute. For the charge was made before any legal services were in fact performed except for the sending of a claim letter. Nor was there any attorney-client relationship between the parties which would perhaps permit a retainer for future work. Defendant was at best a guarantor or indemnitor for an attorney’s fee for services performed. At the time the charge was made such charge was to say the least premature. This is in direct violation of canon 12 of the Canons of Professional Ethics (McKinney’s Cons. Laws of N. Y., Book 29, Judiciary Law, Appendix) which states “In fixing fees, lawyers should avoid charges which overestimate their advice and services * * * In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade ”. The rapacious conduct on the part of some attorneys of imposing a 20% fee upon the unwary before litigation is started is unprofessional and will not be countenanced by this court.
Since there was a failure of proof of damages, the complaint is dismissed and the defendant may enter judgment thereon with appropriate cost against the plaintiff.