Herbert A. Posner, J.
This is one of eight similar inquests involving five savings banks represented by the same attorney, all involving home improvement loans on which the borrowers had defaulted. One of these actions, by "coincidence” the largest in amount, was settled pending this decision.
This is an action for recovery of $4,123.10 on a promissory note for a property improvement loan including a claim for $686.51 representing an attorney’s fee of 20% of the amount due and payable.
At the time of the default plaintiff could have entered a judgment with the clerk for the "sum certain” pursuant to CPLR 3215 (subd [a]) and severed the portion of the judgment dealing with the attorneys’ fees. Under Civil Court Administrative Directives 392 (dated Oct. 29, 1975) and 397 (dated Nov. 28, 1975) procedures for this process and recommended ex parte forms were issued. However, the plaintiff elected not to follow the court’s recommended procedure and instead held its judgment for a sum certain in abeyance pending an inquest.
The executed note contains a provision that "In the event this note is referred to an attorney for collection, such attor *416 ney to be other than a salaried employee of the holder, the undersigned promises to pay in addition to the amount unpaid hereunder, an attorney’s fee of 20% of the amount then due and payable under this note plus actual expenditures for necessary court process, in addition to the amount unpaid hereunder.”
Section 235 (subd 8, par [4], cl [a], subpar [4], subcl [iii]) of the Banking Law provides that a savings bank, in addition to the monthly installments for payments of promissory notes, may contract to charge the borrower, among other items, "(iii) the actual expenditures, [emphasis added] including reasonable attorney’s fees, for necessary court process”.
The sole witness for the plaintiff bank was its attorney who testified that he was not a salaried employee of the bank. He testified that he had devoted two to three hours of work to the case up to and including the instant hearing and that he anticipated devoting an additional 15 hours of work to the case in the future . He further testified that he had not been paid for any of his services and would not be compensated unless and until he accomplished the collection of the amount due or some portion thereof.
The question involved is, may the bank in this proceeding recover a judgment including attorneys fees as provided for in its property improvement loan agreement with the borrowers prior to the time that there is an "actual expenditure” (either in cash or as an account due) for reasonable attorneys fees.
"The only services which can be charged to a borrower by the lender are those actually and reasonably incurred in good faith on behalf of the borrower and in connection with his particular loan” (see Vee Bee Serv. Co. v Household Finance Corp., 51 NYS2d 590, 605, affd 269 App Div 772).
The provision in a note of a stipulated amount as an attorney’s fee upon default in payment and upon referral to an attorney for collection is enforceable only if the expenditure is actually incurred and if the amount is reasonable.
"The word 'actual’ in the context of the statute, means the exact, same sum of money that was paid to the lawyer for the necessary services rendered in processing a particular case. * * * A surmise, conjecture or estimate of a fee is not the actual fee.” (See Thompson v Chemical Bank, 84 Misc 2d 721, 726.)
In construing a statute, "if possible meaning and effect *417 [shall] be given to all its provisions and language * * * and words in statutes are not to be rejected as superfluous when it is practicable to give each a distinct and separate meaning.’’(McKinney’s Cons Laws of NY, Book 1, Statutes, § 231.)
The statute reads "The actual expenditures, including reasonable attorney’s fees, for necessary court process”. (Banking Law, § 235.) Plaintiff’s contract with the borrowers call for an attorney’s fee of 20% "plus actual expenditures for necessary court process.” Plaintiff bank is attempting to construe the statutory language so as to give a different meaning to what is intended as "actual expenditures” for necessary court process.
While 20% of the unpaid balance of a note may be considered reasonable in a particular case (General Lbr. Corp. v Landa, 13 AD2d 804), the same percentage in another case may bear no fair relationship whatever to the services rendered or the amount of the loan involved (Franklin Nat. Bank v Wall St. Commercial Corp., 40 Misc 2d 1003, affd 21 AD2d 878).
In the proceeding at bar the only showing of any expenses incurred by the plaintiff for attorney’s fees by reason of the default in the payment on the note is that of services performed by its attorney up to and including this hearing on the inquest. The testimony regarding services to be performed is anticipatory, speculative and conjectural and any estimate of the fee to be charged for such services would not be an actual expenditure within the meaning of the statute. The court cannot determine reasonableness in advance. It is possible that the plaintiffs attorney, with only one more hour of work, could collect the entire amount due.
The court is sympathetic of the fact that many attorneys accept this type of legal services on a contingent fee basis and many times the fee they will collect is far less than the work and effort expended. Nevertheless, the court is constrained to interpret a statute on the basis of its clear meaning. The Legislature evidently intended to protect the borrower, albeit, at the expense of the legal profession or the bank.
Partial judgement for the plaintiff is granted in the amount of $3,436.59 and that portion of the action for attorney’s fees is severed to give the plaintiff an opportunity to prove the actual legal expenses it reasonably incurred. (See Fairfield Lease Corp. v Marsi Dress Corp., 60 Misc 2d 363.)