Jones, J.
 

 We uphold the validity of a court-promulgated directive that allowance of attorneys’ fees on the entry of default judgments shall be determined on a
 
 quantum meruit
 
 basis rather than by mechanical application of a blanket
 
 *473
 
 formula contained in the agreement between the creditor and the debtor.
 

 On November 19, 1975 at the direction of the Administrative Judge of the Nassau County Courts, the Chief Clerk of the District Court of Nassau County issued a directive to the various district court clerks that no default judgment containing an allowance for attorneys’ fees was thereafter to be entered until there had been an inquest by the court to assess the proper amount of the fee in the particular case. Thereafter, following a conference between the Administrative Judge and the leading collection attorneys in Nassau County, a revised directive of the same import was issued by the Chief Clerk on January 23, 1976.
 

 In February, 1966 retained attorneys for appellant bank presented the appropriate supporting papers for entry of a default judgment in the amount of $135.32 based on a motor vehicle retail installment contract. In reliance on an express provision of that contract, the proposed default judgment included a claim for attorneys’ fees in an amount equal to 15% of the unpaid balance, or $20.29.
 
 *
 
 The Clerk of the First District Court of Nassau County, pursuant to the previously issued directives, refused to enter a default judgment containing a claim for attorneys’ fees without an inquest before the court. The bank thereupon instituted the present proceeding under CPLR article 78 for a judgment in the nature of mandamus directing the clerk to enter a default judgment, including attorneys’ fees, as requested. Supreme Court denied the relief requested and dismissed the petition. The Appellate Division affirmed unamimously and granted leave to appeal to our court. We now affirm the dispositions below.
 

 As stated at Special Term, "[t]he attorney for the petitioner concedes that the Court can direct an inquest as to the reasonable value of the attorneys’ fees where an answer has been interposed, and the attorneys’ fees are requested either on a motion for summary judgment or during the course of a trial.” It is the bank’s narrower contention in this case that such procedure is not authorized with respect to the entry of a
 
 *474
 
 default judgment under CPLR 3215 (subd [a]) based on a retail installment contract under the Motor Vehicle Retail Instalment Sales Act (Personal Property Law, art 9). Specifically reliance is placed on subdivision 7 of section 302 of the Personal Property Law which provides in pertinent part: "In addition to such delinquency and collection charge, the retail instalment contract may provide for the payment of attorney’s fees not exceeding fifteen percent of the amount due and payable under such contract where such contract is referred to an attorney not a salaried employee of the holder of the contract for collection, plus the court costs.” The bank submits that this sentence constitutes specific statutory authorization for the contract provision in question and that the buyer’s default is tantamount to an admission of all of the allegations of the complaint, including the agreement to pay the statutorily authorized 15% attorneys’ fees. We reject the bank’s position.
 

 At the outset there should be recognition of the traditional authority of the courts to supervise the charging of fees for legal services under the courts’ inherent and statutory power to regulate the practice of law
 
 (Gair v Peck,
 
 6 NY2d 97; cf. Judiciary Law, §§ 53, 90, art 15). We perceive no sufficient reason for observing the difference that the bank urges between the determination of attorneys’ fees in contested matters and on default. Beyond the court’s inherent power to supervise the charging of legal fees, we have recently had occasion, in considering an express agreement between creditor and debtor purporting to fix attorneys’ fees, to recognize the strong public policy of our State which condemns the contractual imposition of a penalty
 
 (Equitable Lbr. Corp. v IPA Land Dev. Corp.,
 
 38 NY2d 516).
 

 The present court rule does not foreclose the collection of a 15% attorney’s fee. In essence it requires only that there be an appropriate demonstration that the quantity and quality of legal services actually rendered are such as to warrant, on a
 
 quantum meruit
 
 basis, that full percentage. If not, the fee will be fixed by the court at a proper figure on the same basis. It is evident that the reasonable value of legal services rendered incident to the recovery of a default judgment will not automatically and always be equal to 15%, or indeed to any other percentage, of the amount of the indebtedness being collected.
 

 To uphold the directive of the court in this instance does not operate to eviscerate subdivision 7 of section 302 of the
 
 *475
 
 Personal Property Law. It leaves undisturbed the proscription of that statute that the agreement for payment of attorneys may not exceed 15% and the prescription that the fees must be those charged by an outside attorney other than a salaried employee of the creditor. In effect we read the section as authorizing an agreement between creditor and debtor that the latter will pay reasonable attorneys’ fees not exceeding 15%. We do not read the statute, at least in the absence of explicit provision, as either ousting the courts of their authority to supervise the charging of attorneys’ fees or as reversing our State’s strong public policy against the private imposition of penalties.
 

 For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed.
 

 *
 

 The promissory instrument in question, evidencing the buyer’s agreement to repay a loan made to cover the purchase price of a Volkswagen camper, included the following provision in paragraph 11: "the Buyer agrees to pay an attorney’s fee of fifteen percent (15%) of the amount due and payable under this contract when same is referred to an attorney, not a salaried employee of the holder for collection, plus the court costs.”