In the Matter of DONALD H. MEAD, as Administrative Judge of the Fifth Judicial District, Appellant, v FIRST TRUST & DEPOSIT COMPANY et al., Respondents.

Fourth Department, December 9, 1977

**APPEARANCES OF COUNSEL**

*James M. Baker* for appellant.

*Hiscock, Lee, Rogers, Henley & Barclay (George Deptula* of counsel), for First Trust & Deposit Company, respondent.

*Crystal, Manes & Rifken, P. C. (Kenneth Whitelaw* of counsel), respondent *pro se.*

*New York State Bankers Association (John Leferovich, Jr.,* of counsel), *amicus curiae.*

**OPINION OF THE COURT**

WITMER, J.

The principal question presented on this appeal is whether the petition states a cause of action for the court to invoke its authority to vacate default judgments which include awards for attorneys' fees, when the judgments were entered by court clerks without application to the court and without *quantum meruit* proof of the value of the legal services rendered.

Mr. Justice DONALD H. MEAD, Administrative Judge of the Fifth Judicial District of the State of New York, petitioner, instituted this proceeding in August, 1976 against First Trust & Deposit Company (the bank) and Crystal, Manes & Rifken, P. C. (the attorneys), respondents, pursuant to section 217-a of the Judiciary Law, seeking, as limited by stipulation, a judgment vacating default judgments entered in the County Clerk's Office of Onondaga County and in the office of the Clerk of the City Court of the City of Syracuse since January 1, 1974, insofar as they include attorneys' fees not awarded upon application to the court in compliance with CPLR 3215 (subd [a]) which provides that, "[w]here the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment."

■ This proceeding is a part of the unfolding drama of the efforts of consumer protection agencies, the Attorney-General of the State of New York, and the courts of New York to protect the public from the imposition of unearned legal service charges in cases in which consumers have defaulted on obligations incurred to vendors of goods or services (see *Matter of First Nat. Bank of East Islip v Brower,* 42 NY2d 471; *Matter of Thompson v Lincoln Budget Corp.,* 89 Misc 2d 252, affg 88 Misc 2d 894; *Matter of Thompson v Chemical Bank,* 84 Misc 2d 721; Judiciary Law, § 217-a). Section 217-a of the Judiciary Law provides that the Administrative Judge, "subject to supervisory direction in administrative and operative matters by the appellate division or the presiding justice thereof, upon a proper showing that default judgments were obtained by fraud, misrepresentation, illegality, unconscionability, lack of due service, violations of law, or other illegalities or where such default judgments were obtained in cases in which those defendants would be uniformly entitled to interpose a defense predicated upon but not limited to the foregoing defenses, and where such default judgments have been obtained in a number of instances deemed sufficient by such judge or justice to justify such action as set forth herein, upon appropriate notice to counsel for the respective parties, or to the parties themselves, may bring a proceeding to:

"1. vacate and set aside such judgments; or * * *

"5. decree such other and further relief as to the court may seem just and proper".

In the petition it is alleged that respondent bank is a domestic banking corporation engaged in lending money or

credit to consumers and that it employs respondent attorneys to bring suit against its debtors who have defaulted in their consumer credit obligations. Two causes of action are alleged. In the first cause of action it is alleged that along with demanding judgment for the unpaid principal and interest on such obligations, respondent attorneys include their attorneys' fees calculated on a fixed percentage of the unpaid balance, and, in the event of default, judgment is entered for the unpaid obligation plus the entire amount of attorneys' fees demanded in the complaint, although in many instances the fees demanded bear no relationship to the actual legal services rendered and expenditures incurred therefor by respondent bank. Petitioner alleges that the number of such default judgments entered by respondent is sufficient to warrant the institution of this proceeding under section 217-a of the Judiciary Law. In the second cause of action it is alleged that the claims for attorneys' fees in the actions referred to in the first cause of action are not "for a sum certain or for a sum which can by computation be made certain", of CPLR 3215 (subd [a]) and that respondents improperly failed to make applications to the court to establish the reasonable value of the services for inclusion in the judgments.

Petitioner requests that, insofar as judgments include attorneys' fees not proved before the court, the judgments be vacated until such fees are established as actual, reasonable and necessary by affidavit or direct proof to the court, that execution on such judgments be stayed with respect to attorneys' fees, that respondents be enjoined from entering such judgments in the future, and that respondents make restitution to judgment debtors from whom such unproved fees have been collected.

Respondents moved to dismiss the petition on the grounds that it (1) fails to state a cause of action, (2) fails to state facts sufficient to invoke the jurisdiction of the court under section 217-a of the Judiciary Law and (3) seeks to apply the latter section in an unconstitutional manner so as to deprive respondent bank of property without due process of law.

In the supplemental affidavit submitted in behalf of petitioner in response to respondents' submissions pending determination of the motion, it was alleged that in several instances respondent bank had paid to respondent attorneys for services substantially less than the amount of the fees included in the default judgments, thus resulting in fee split-

ting. Petitioner also asserted that the manner in which the attorneys' fees were included in the judgment concealed from the court clerks that such fees were included in the amount of the judgment; and that defaulting debtors usually were unaware of their rights at entry of the judgment and were unable to protect themselves. Petitioner further pointed out that respondents' practices and actions were within their control and not fully known to petitioner.

Special Term, nevertheless, granted the motion, holding that the papers present no question of law or fact, that respondents acted in violation of law and that it appears that in every instance of entry of default judgment specified by petitioner the bank paid to its attorneys for services a sum in excess of the amount contained in the judgment. The court concluded that petitioner had made no prima facie showing of fraud or illegality in connection with the entry of such judgments or the computation of attorneys' fees included therein, within the meaning of section 217-a of the Judiciary Law, and hence that there is no merit in the petition. Special Term further held that since the attorneys' fees were based upon a contractual, fixed percentage of the unpaid balance due on the obligation, there was no need for application to the court to establish the fees. The court noted, however, that in some instances the contract obligated the debtor to pay reasonable attorneys' fees, and that in such cases the attorneys merely included in the judgment their own evaluation of the reasonable fees. The court concluded that in such cases it was improper for the clerk to enter the judgment including attorneys' fees without application to the court. Nonetheless, Special Term did not grant relief even as to such judgments, and denied and dismissed the petition.

■ A contract provision that in the event of default in paying the obligation the debtor will pay to the creditor the reasonable expenses of collecting the debt has long been recognized as lawful and proper *(Roe v Smyth,* 278 NY 364, 368-369; *Waxman v Williamson,* 256 NY 117, 122-123). This is so even where the parties agree that a specific percentage of the unpaid debt may be computed as the amount of the attorneys' fees and be included as part of the collection expenses to be incorporated in the judgment *(Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516; *Franklin Nat. Bank v Wall St. Commercial Corp.,* 40 Misc 2d 1003, affd 21

AD2d 878). Such principles have been codified and included in many of the commercial statutes (see Banking Law, § 108, subd 4, par [c], cl [iii]; § 235, subd 8, par [4], cl [a], subdcl [iii] [necessary reasonable attorneys' fees]; § 569, subd 2 [not exceeding 20% of amount due]; Personal Property Law, § 302, subd 7 [not exceeding 15% of the amount due]; § 413, subd 5 [not exceeding 20% of amount due]). Typical of such statutes is section 108 (subd 4, par [c], cl [iii]) of the Banking Law which provides that "No fee, commission, expense, or other charge whatsoever in addition thereto shall be taken, received, reserved, or contracted for, except * * * (iii) the actual expenditures, including reasonable attorney's fees for necessary court process".

Respondents contend that in view of the validity of such contractual provisions, the court has no power to interfere and require, as a condition of entry of judgment on such an agreement, that the creditor prove the fair and reasonable value and necessity of such services. Although some court decisions seem to support this contention (see *National Commercial Bank & Trust Co. v Bart Boat Co.,* 41 AD2d 159, 161; *Messina v Tannenbaum,* 37 AD2d 1041, 1042; *Matter of Mercantile Dye Works,* 177 Misc 454), when the precise issue of value has been directly presented, the courts have required *quantum meruit* proof. To hold otherwise would be contrary to public policy because it would amount to enforcement of a penalty *(Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, supra; Scheible v Leinen,* 67 Misc 2d 457, 460). In *Franklin Nat. Bank v Wall St. Commercial Corp.* (40 Misc 2d 1003, affd 21 AD2d 878, *supra)* Mr. Justice PITTONI at Special Term wrote (p 1004) "The plaintiff, however, is not entitled to summary judgment on the cause of action for attorneys' fees in the sum of $18,000. * * * [T]he stipulated amount inserted in the instrument must be reasonable and undisputed to warrant summary relief * * *. While 20% of the unpaid balance of a note may be considered reasonable in a particular case *(General Lbr. Corp. v. Landa,* 13 A D 2d 804), the same percentage in another case may bear no fair relationship whatever to the services rendered or the amount of the loan involved. Accordingly, a factual issue is presented * * * with respect to the reasonableness of the stipulated charge." In *Matter of First Nat. Bank of East Islip v Brower* (42 NY2d 471, 474, *supra)* the Court of Appeals made the same ruling. We perceive no distinguishing significance in the fact that in

*Brower* the case involved a court rule duly established by the Administrative Judge.

 The fixed percentage fee, therefore, is viewed only as a maximum fee, limiting the amount of reasonable attorneys' fees which the creditor may charge upon proving the extent of the necessary services actually rendered *(Matter of First Nat. Bank of East Islip v Brower, supra,* p 475). Moreover, it has been held that the debtor really stands in the position of an indemnitor to the creditor, and that the creditor cannot recover from the debtor on this contractual provision until he has incurred the expenses by paying his attorney *(379 Madison Ave. v Stuyvesant Co.,* 242 App Div 567, 569, affd 268 NY 576; *Colon v Automatic Retailers Assn. Serv.,* 74 Misc 2d 665; *Jamaica Sav. Bank v Potter,* 88 Misc 2d 415; *Broadstreets, Inc. v Parlin,* 75 Misc 2d 662, 663; *Swiss Credit Bank v International Bank,* 23 Misc 2d 572; and see *McCabe v Queensboro Farm Prods.,* 22 NY2d 204; 28 NY Jur, Indemnity, § 18).

We note that it is not the intent of the law, nor of the petitioner in this proceeding, to deprive the creditor of full payment of its actual necessary legal expenses in collecting the defaulted debt, limited only by the reasonable value of such services and the percentage provision expressed in the contract. The aim is to prevent creditors and their attorneys from receiving more than such sums, which they may otherwise be able to accomplish because of the debtors' defaults (see *Matter of First Nat. Bank of East Islip v Brower,* 42 NY2d 471, 474, *supra).*

██ ██ On the motion to dismiss this special proceeding, principles governing motions for summary judgment in actions at law apply *(Matter of Dodge,* 25 NY2d 273, 286; *Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.],* 18 NY2d 250, 255; *Matter of Javarone [De Rizzo],* 49 AD2d 788; CPLR 409, subd [b]; CPLR 404, subd [a]). Where questions of fact are presented, of course the motion must be denied. On familiar principles, also, if facts are peculiarly within the control or possession of the moving party and not available to the other party, the motion should be denied *(Procter & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.,* 16 NY2d 344, 362; *Simpson Box & Lbr. Co. v Crilly,* 31 AD2d 727; *Marine Midland Trust Co. of Northern N. Y. v Macaluso,* 30 AD2d 932). The latter principle is applicable in this proceeding by reason of petitioner's contention and respondents' denial that fees were included in the judgments in excess of the amounts

paid to the attorneys by the bank. Apart from that, however, questions of fact exist as to whether the attorneys' fees included in the judgments, even though paid by the bank to the attorneys, were reasonable and necessary under the circumstances (see *Matter of First Nat. Bank of East Islip v Brower, supra; Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 524, *supra).* Evidence upon the trial will also enable the court to determine whether such default judgments have been entered in sufficient number to justify petitioner in proceeding under section 217-a of the Judiciary Law.

■ Entry of judgment by the clerk without *qauntum meruit* proof as required by the statute (CPLR 3215, subd [a]) was, therefore, improper *(Matter of First Nat. Bank of East Islip v Brower, supra; Long Is. Trust Co. v Jones,* 56 AD2d 838; *Maxwell v First Port Jefferson Corp.,* 31 AD2d 813; *Geer, Du Bois & Co. v Scott & Sons Co.,* 25 AD2d 423) and void *(Pine v Town of Hoosick,* 56 AD2d 692; *Geer, Du Bois & Co. v Scott & Sons Co., supra; Bouker Contr. Co. v Neale,* 161 App Div 617; *Steward v Allegheny Mut. Cas. Co.,* 64 Misc 2d 1090).

Respondents contend that to require them at this late date to prove the extent of services rendered in each default taken two or three years ago is virtually to deny the bank judgments for such fees in accordance with the contracts. These arguments cannot relieve respondents from the requirements of CPLR 3215 (subd [a]) nor of the decisions above cited. Moreover, the similarity in the proof in these cases casts doubt on the validity of the argument. It should be added that the Administrative Judge may be able to establish some helpful guidelines to reduce the difficulty attending *quantum meruit* proof in cases of this nature, so that by rule the clerk may be authorized to enter default judgments including attorneys' fees, in limited cases where the Administrative Judge deems it appropriate virtually to take judicial notice that a specified percentage on a default in a small amount is necessary and reasonable (see *General Lbr. Corp. v Landa,* 13 AD2d 804, 805, *supra).*

Upon this record, therefore, the judgment should be reversed and the petition reinstated.

MARSH, P. J., SIMONS and DENMAN, JJ., concur, HANCOCK, JR., J., not participating.

Judgment reversed, without costs, and petition reinstated.