OPINION OF THE COURT
John O’C. Conway, J.
This is an application by plaintiff for an order fixing the amount of attorney’s fees recoverable at the amount already paid by the judgment debtors to plaintiff. This action is one of several default judgments affected by a stipulation in a prior proceeding* ? entered into by Donald H. Mead, William R. Roy, Justices of the Supreme Court, First Trust & Deposit Co. (hereinafter referred to as First Trust), Phillip E. Baker and Crystal, Manes & Rifken, P. C. (hereinafter referred to as Crystal). This stipulation, dated September 29, 1978, was subsequently approved and incorporated into an order of the Supreme Court (Richard Aronson, J., dated October 5, 1978).
At issue in the Matter of Mead case was the propriety of the *538 amount of attorney’s fees that were being taken by First Trust in default judgments. The apparent practice had been to tack on as attorney’s fees 15% of the balance of principal and interest due. The clerk would then total the principal, interest, attorney’s fees and recoverable costs and enter judgment for said total. The afore-mentioned stipulation amended each of the effected judgments, nunc pro tunc, by reducing the portion includable as attorney’s fees to $75 where an amount in excess of that figure had been included in the particular judgment.
Paragraph 3(b) of the stipulation provided: "first trust shall hereafter have the right to apply to the Court having jurisdiction of the Judgment, on such notice to petitioner as the Court may deem advisable, for an increase in the amount of attorney’s fees above the $75.00 provided herein, and, if permitted by such Court, to collect such increased amount”.
First Trust is making this application pursuant to paragraph 3(b) and is thereby seeking this court’s approval of attorney’s fees of $412.75, or 15% of the unpaid balance of principal and interest ($3,026.76). First Trust maintains that attorney’s fees in that amount are reasonable in that an estimated 8 to 10 paralegal hours and 5 to 7 attorney hours were devoted to securing and collecting the judgment.
In opposition to the application, the Honorable William R. Roy, Administrative Judge of the Fifth Judicial District, argues that First Trust has failed to establish that the services rendered by its attorneys are worth more than $75. Additionally, Justice Roy argues that under present New York law, it is, at the very least questionable whether services rendered postjudgment are a proper item of recovery by a judgment creditor.
The starting point for this court is that only reasonable and provable attorney’s fees are recoverable in a given case. The fixed percentage fee is a maximum fee, and it serves to limit the amount of reasonable attorney’s fees which the creditor may charge upon proving the extent of the necessary legal services actually rendered. (Matter of Mead v First Trust & Deposit Co., 60 AD2d 71, 78.) Regarding this application, the initial consideration will be which legal services actually rendered are to be considered recoverable. More specifically, is this judgment creditor entitled, per relevant statutory, and/or case law, to attorney’s fees for work performed after entry of judgment.
*539 Section 108 (subd 4, par [c], cl [iii]) of the Banking Law is concededly the relevant statutory guide to this question. It provides in part: "No fee, commission, expense, or other charge whatsoever in addition thereto shall be taken, received, reserved, or contracted for, except * * * the actual expenditures, including reasonable attorney’s fees for necessary court process”.
The affidavit of Milton J. Crystal, dated April 24, 1979, details all activity of First Trust’s attorneys regarding this case, ranging from receipt of the account to the filing a certificate of disposition with the Wayne County Clerk. While Crystal then apparently seeks a decision allowing consideration of all activity on the file by the attorneys, the Administrative Law Judge urges a construction of section 108 (subd 4, par [c], cl [iii]) which would limit attorney’s fees to the period up to judgment, and which would strictly interpret the phrase "necessary court process”.
The Supreme Court, Monroe County, in Wasserbauer v Marine Midland Bank — Rochester (92 Misc 2d 388) issued an opinion construing section 108 (subd 4, par [c], cl [iii]). In that case, the plaintiffs were the judgment creditors and they sought an interpretation of the phrase "necessary court process” which would include only those procedural steps necessary to secure a judgment. In dismissing the relevant causes of action by plaintiffs the court stated: "To hold that the statutorial scheme authorizing agreed-upon attorneys’ fees must now be restricted to securing judgments, only, would ignore the oft-required full panoply of legal procedures necessary to successful collection litigation and would, at the same time, ignore practices and procedures that, in fact, antedate the existence of the Banking Law.” (Wasserbauer v Marine Midland Bank — Rochester, supra, p 397.)
This court disagrees with the Wasserbauer court’s construction of section 108 (subd 4, par [c], cl [iii]) of the Banking Law, in that the section allows a bank to receive actual fees or expenses, including reasonable attorney’s fees. This must be read, however, in the context of the procedure whereby default judgments are taken. To find, as in Wasserbauer v Marine Midland Bank — Rochester (supra), that a party is entitled to a postjudgment attorney’s fees, limited by a standard of reasonableness, and that those fees can be recoverable in that judgment appears to produce an unmanageable and totally impractical scheme. I find that postjudgment attorney’s *540 fees are not proper items to be included in a default judgment without specific language allowing same.
The Administrative Judge argues that only the legal fees attributable to "court process” are recoverable. That is to say, he contends that collection or dunning letters, and other incidental legal work, which are not classified as necessary court process, cannot be considered as proper charges for legal fees by the bank. This is too strict an interpretation of this Banking Law section. While the court agrees that every word and phrase in a statute must be presumed to have meaning, this construction clearly seems to be inapposite to accepted public policy. The little time, and corresponding cost, involved in sending out collection letters and other similar legal activity, although perhaps not technically "court process”, should not be discouraged.
Finally, First Trust’s petition is opposed because at the time the instant judgment was taken no legal fees, other than a $50 not refundable suit fee, had been actually paid. It is not necessary to consider the broader question regarding whether or not in every case the attorney’s fees must have been already paid. Regarding this particular application, it is essential that we recall that First Trust and the Administrative Judge entered into a stipulation which covers this action. In addition to giving meaning to section 108 (subd 4, par [c], cl [in]) of the Banking Law, due consideration must be given to the terms of this specific stipulation. In each of the cases which the September 29, 1978 stipulation concerns itself, the plaintiff had already secured a judgment. To accept the argument that is now offered by the Administrative Judge that because First Trust had not paid any fees prior to taking judgment would make paragraph 3(b) of the stipulation devoid of meaning. Although this argument appears to be reasonable construction of this Banking Law section, the stipulation must take precedence.
The only remaining issue, then, is the reasonable value of the legal services rendered by First Trust’s attorneys through the taking of default judgment. Judge Roy contends that a hearing to determine the quantum meruit value of these services rendered is a necessity. The affidavit of Milton Crystal, however, states that insofar as this was a contingent fee case that no accurate time records are available. Once again, this court is constrained to consider this application in light of the facts as they are now known. First Trust’s attorney has by *541 affidavit stated that no accurate records were kept. By the same affidavit he notes: "The account was received on or about September 29th, 1974 and upon receipt of the claim the file was reviewed by a senior attorney. It was then turned over to a paralegal for assignment of a file number, preparation of index cards, and opening of the file on the computer. Demand letters were sent to Judgment Debtors. After no response to the demand letters, a Summons and Complaint were prepared and sent out for service. Upon failure to appear or answer by either Defendant, a default judgment was entered herein, in the manner described above. A transcript was filed with the Wayne County Clerk.”
Based on the contents of the above-quoted paragraph from the affidavit of First Trust’s attorney, combined with the court’s personal knowledge of the time necessitated to prepare and process a file as related above, an award of attorney’s fees will be made. I find that a reasonable allocation of time for the work performed to be three and one-half hours, of which two hours were most likely spent by attorney members of the firm. Assuming that a reasonable rate of compensation for such work is $50 per hour for an attorney, and $25 per hour for a paralegal, the attorney’s fees awarded are $137.50.
The judgment in this case is amended, nunc pro tunc, to reflect attorney’s fees of $137.50 and the plaintiff is directed to refund to defendant Kemp any sums in excess of that figure which were recovered under the guise of attorney’s fees.

 (Matter of Mead v First Trust & Deposit Co., 90 Misc 2d 930, pursuant to Judiciary Law, § 217-a.)