JOHN J. ROE, Respondent, *v.* MUIR C. SMYTH et al., Appellants.

Submitted April 12, 1938; decided July 7, 1938.

*Douglas E. Brown* for appellants. An endorser may not recover from his prior endorser more than he has actually paid for the note. (*Fall River Nat. Bank* v. *Buffington,* 97 Mass. 498; *Ingalls* v. *Lee,* 9 Barb. 647; *Cram* v. *Hendricks,* 7 Wend. 569; *Munn* v. *Commission Co.,* 15 Johns. 44; *Braman* v. *Hess,* 13 Johns. 52; *Brown* v. *Mott,* 7 Johns. 361; *Livingston* v. *Hastie,* 2 Caine, 246; *Blanchard* v. *Blanchard,* 61 Misc. Rep. 497; 133 App. Div. 937; 201 N. Y. 134; *Dykman* v. *Northbridge,* 80 Hun, 258; *Kelly* v. *Burroughs,* 102 N. Y. 93; *Butler* v. *Wright,* 20 Johns. 369; 6 Wend. 284; *City Sav. Bank* v. *Kensington Land Co.,* 37 S. W. Rep. 1037; *National Park Bank* v. *Koehler,* 204 N. Y. 174.) The clause providing for payment of attorney's fees does not bind the endorsers and in any event runs only in favor of the holder at maturity. (*City Sav. Bank* v. *Kensington Land Co.,* 37 S. W. Rep. 1037; *Robinson* v. *Aird,* 43 Fla. 30; *Short & Co.* v. *Coffeen,* 76 Ill. 245; *Shaeffer* v. *Hodges,* 54 Ill. 337.) The note has been discharged by payment and no further recovery may be had thereon. (*Spies* v. *National City Bank,* 174 N. Y. 222; *Dillenbeck* v. *Dygert,* 97 N. Y. 303; *Silberstein* v. *Begun,* 232 N. Y. 319; *Waxman* v. *Williamson,* 256 N. Y. 117; *Madison Square Bank* v. *Pierce,* 137 N. Y. 444.)

*George H. Carleton, John R. Vunk* and *Harold Ashare* for respondent. Plaintiff, the last endorser of the note and the accommodation endorser, may maintain the action. (*Waxman* v. *Williamson,* 256 N. Y. 117; *Winn Parish Bank* v. *White Sulphur Co.,* 133 La. 282; *University of Richmond* v. *Stone,* 148 Va. 686; *Townsend* v.

*Alewel,* 202 S. W. Rep. 447; *Farmers State Bank* v. *Haun,* 30 Wyo. 322; *Taylor* v. *Continental Supply Co.,* 16 Fed. Rep. [2d] 578; *Cox* v. *Hagan,* 155 Va. 656; *Pease* v. *Syler,* 78 Wash. 24; *Bank* v. *Ellis,* 2 Fed. Rep. 44; *Hubbard* v. *Harrison,* 38 Ind. 323; *Merrimon* v. *Pakey,* 136 Tenn. 645; *Franklin* v. *The Duncan,* 133 Tenn. 472; *Thompson* v. *Taylor,* 72 N. Y. 32.)

LEHMAN, J.   The complaint alleges that The Bellport Corporation made and delivered to The Patchogue Citizens Bank & Trust Company a promissory note payable one month after date for the sum of $3,000.   The note contains a provision that " The drawers and endorsers severally waive presentation for payment, protest and notice of protest for non-payment of this Note.   I, we or either of us hereby further agree that, if this Note is not paid at maturity and said Note be collected by an attorney, that I, we or either of us will pay all costs of collection including a reasonable attorney's fee."   The note was indorsed before delivery by the defendants and by the plaintiff.   The plaintiff is the last indorser.   The note, when due, was presented for payment, payment was refused and timely notice of such refusal given to the indorsers.   Then the plaintiff paid the amount due with interest to The Patchogue Citizens Bank & Trust Company, the holder of the note.   The note was transferred to the plaintiff.   The complaint further alleges: " That thereafter plaintiff by his attorneys did institute and successfully terminate an action in the Supreme Court of Suffolk County for the collection of said note and did collect the same."   He now seeks to recover from the prior indorsers the costs of collection including a reasonable counsel fee.   The defendants, by motion to dismiss the complaint made in accordance with rule 106 of the Rules of Civil Practice, have challenged the sufficiency of the facts alleged to constitute a cause of action.

An instrument to be negotiable " must contain an unconditional promise or order to pay a sum certain in money."   (Neg. Inst. Law [Cons. Laws, ch. 38], § 20,

subd. 2.) But " the sum payable is a sum certain * * * although it is to be paid * * * with costs of collection for an attorney's fee, in case payment shall not be made at maturity." (§ 21.) " Every indorser who indorses without qualification * * * engages that on due presentment, it [the negotiable instrument] shall be * * * paid, * * * and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it." (§ 116.) There may be doubt and diversity of opinion upon the question whether an indorsement, *without additional words*, placed upon an instrument for the payment of a sum certain together with " costs of collection for an attorney's fee, in case payment shall not be made at maturity," imports an engagement by the indorser, as broad as the engagement of the maker, that if the instrument is not paid at maturity he will pay to the holder, not only the amount thereof but, in addition, the costs of collection. That question is not here. In this case the indorsers have agreed in express terms that in a specified contingency, they will pay all costs of collection. In effect, they have added to their assurance that the note would be paid upon presentment an express promise of indemnity from the cost of collection where, because of the makers' failure to pay on presentment, collection is made by an attorney. The language of the instrument admits of no other construction, and we may assume that the agreement the parties have made may be enforced *according to its tenor* by any person who was intended to be included within its scope as a beneficiary of the promise. (*Taylor* v. *Continental Supply Co.*, 16 Fed. Rep. [2d] 578.)

Doubtless, then, the holder of the instrument, when it was dishonored at maturity, could have maintained an action against the indorsers, as well as the drawers, for the sum named in the note *with* costs of collection. If the plaintiff, as indorser, had been compelled to pay to the

bank, as holder of the note at its maturity, not only the amount due thereon but also an attorney's fee and other costs incurred for its collection, argument might be made that he in turn should have a cause of action to recover from prior parties the full amount which he was compelled to pay to the holder. Such a cause of action would be based upon the promise which all the indorsers had made and which was enforced against him as indorsee by a holder. Again, that case is not here, and we do not consider whether such an action by an indorser against prior indorsers would lie. In this case the plaintiff paid to the holder only the amount due upon the note. He in turn brought an action and recovered from prior parties the amount which he was compelled to pay. Now he asserts the right to bring a *second action* against the prior parties to recover the cost, including a reasonable attorney's fee, which *he* incurred in collecting from prior indorsers the amount which he was compelled to pay.

He can recover only if each indorser, in addition to his engagement as indorser as defined by the Negotiable Instruments Law, made a *separate* promise to pay to *each* subsequent party the costs of collection, including a reasonable counsel fee, to which such party might be put if the note was not paid at maturity and an attorney was retained to collect it. The defendants have made no such separate promise. Their promise was to pay to the holder the amount due upon the note *with* costs of collection, including a reasonable counsel fee. The promise to pay the amount of the note and the promise to pay the costs of collection constituted a single obligation, embodied in the negotiable instrument. (See *First State Bank* v. *Utman*, 136 Minn. 103; *Schillinger* v. *Leary*, 201 Ala. 256; *Merrimon* v. *Parkey*, 136 Tenn. 645; *Sands* v. *Roller*, 118 Va. 191; *Shugart & Lininger* v. *Pattee*, 37 Iowa, 422. Contra, *Easter* v. *Boyd*, 79 Ill. 325.) We have held recently that in an action brought by the holder to recover

the principal obligation to pay the amount due on the note, recovery may also be had upon the subsidiary promise to pay costs of collection including a reasonable counsel fee. (*Waxman* v. *Williamson*, 256 N. Y. 117.) Since the indorsers' obligation, though consisting of two promises, is a single obligation which may be enforced in a single suit, the plaintiff was bound to assert his full claim in the earlier action upon the note. He cannot split his cause of action.

Even were that not true, it would be difficult to find any basis for the assertion of a cause of action by an indorser against prior indorsers for costs of collection which the plaintiff has not been compelled to pay to the holder of the note who transferred it to the plaintiff. All the indorsers, plaintiff and defendants alike, made the same promises to " pay all costs of collection including a reasonable attorney's fee." Transfer of the note transfers from one person to another the right to enforce the promise; but the obligation assumed by the promisor remains the same. A holder who collects the amount due on the note may recover a reasonable attorney's fee from the drawer or any indorser of the note, for the drawer and indorsers have promised to pay such a fee. They have not made an additional promise, to each subsequent indorser, that if the note is not paid at maturity and the subsequent indorser is compelled to pay it, they will pay to him not only the amount which he has been compelled to pay, including perhaps a reasonable counsel fee as part of the cost of collection of the original holder, but also the *additional* costs of collection, including an additional counsel fee, incurred by *each succeeding indorser*. A person to whom a negotiable promise has been transferred can recover no more than was promised to the person making the transfer, *i. e.*, the amount of the note, with the holder's cost of collection.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with

costs in this court and in the Appellate Division. The question certified is answered in the affirmative.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., concurs in result; RIPPEY, J., dissents.

Ordered accordingly.