LORAMINE DRUG STORES, INC., Respondent, *v.* KINGS HIGHWAY SAVINGS BANK, Appellant.

Supreme Court, Appellate Term, Second Department, October 16, 1947.

*George A. Marshall* for appellant.

*Gerald Dickler* and *Joseph J. Hammer* for respondent.

MEMORANDUM *Per Curiam*. The lease was made subsequent to the Federal rent legislation affecting housing. Such was not the situation in *Kaplan* v. *Manufacturers Trust Co.* (186 Misc. 784) relied upon by the Official Referee. The housing regulation did not work any change in the situation in which the parties were when the lease was made. Change came because the tenant after the execution of the lease, underlet the premises. The tenant was charged with knowledge of the limitation on its power to remove a subtenant at the dates of the lease and of the subletting — which we assume was consented to by the landlord. The consent of the landlord did not change the obligation of the tenant to surrender the entire premises to the landlord in the event the tenant exercised the right to cancel the lease. The subtenant had no relation to the landlord. Until the tenant vacated or failed to pay rent the landlord could not begin proceedings to remove the subtenant. The failure of the latter to move was an event against which the tenant could have guarded by agreement with the landlord. (*Raner* v. *Goldberg,* 244 N. Y. 438, 441.) The tenant for its own benefit created the subtenancy. The consent of the landlord did not bring the subtenant into privity of estate or contract with the landlord. At most the consent placed on the landlord, after notice of the tenant's removal, the obligation to proceed with reasonable promptness to regain possession of the entire premises. It was not obliged to relet and thereby subject itself to the possibility that a new tenant would insist on remaining in possession.

The judgment should be unanimously reversed, on the law, with costs to defendant and judgment directed for defendant on its counterclaim.

MACCRATE, STEINBRINK and FENNELLY, JJ., concur.

Judgment reversed, etc.