■ MIDLAND BANK, Respondent, v. GLADYS ZUCKERMAN, Defendant and Third-Party Plaintiff-Appellant. BUONA MARINE SALES, INC., Third-Party Defendant.— In an action to recover the balance due upon a negotiable instrument plus 15% of the amount due, as attorney's fees, defendant appeals from an order of the Appellate Term, Second Judicial Department, dated March 24,

1967, which affirmed so much of a judgment of the Civil Court of the City of New York, County of Kings, entered April 14, 1966 after a nonjury trial, as was in favor of plaintiff against defendant in the sum of $1,651.36 with interest, costs and disbursements. Order reversed, on the law and the facts, with costs, judgment of the Civil Court modified, on the law and the facts, by reducing the principal award from $1,651.36 to $642.57 and by reducing the interest and costs accordingly; and, as so modified, judgment affirmed insofar as appealed from, with $25 costs and disbursements to defendant. Defendant signed a promissory note in the sum of $8,250, payable in stated installments, to the order of Buona Marine Sales, Inc., the third-party defendant. The note, which was discounted by plaintiff, a bank, provided: " If any installment of this note is not paid when due, the entire amount unpaid hereon, shall without notice become due and payable forthwith at the election of the holder of this note. In the event this note is placed in the hands of an attorney for collection, undersigned agrees to pay 15% of the amount due hereon, as attorney's fees ". Defendant failed to pay an installment due on January 18, 1960 and plaintiff elected to have the remaining unpaid balance, amounting to $7,284, become due and payable. Plaintiff referred collection of the amount due to an attorney and, on or about March 7, 1960, plaintiff, by its attorney, instituted an action against defendant to recover $7,284 (the balance owing on the note) plus $1,092.60 (15% of $7,284, as attorney's fees), for a total of $8,376.60. No payments were made after January 18, 1960 and pror to July 20, 1960. On July 20, 1960, during the pendency of that action, the third-party defendant paid $6,233.48 to plaintiff. On or about March 21, 1962 that action was dismissed for lack of prosecution. In April, 1963 plaintiff instituted the instant second action against defendant. In its first cause of action it sought to recover $453.39 (the balance on the note after allowing a credit or rebate of $597.13 because of the payment of $6,233.48) plus $1,092.60 (15% of the amount unpaid when the note was first placed in the hands of the attorney for collection). In the second cause of action it sought to recover $105.37, the amount of an insurance policy premium. The total sought in both causes was $1,651.36, with interest and costs. The trial court granted judgment in favor of plaintiff for the amount sued for, $1,651.36 with interest. The issue is whether plaintiff was entitled to $1,092.60 as attorney's fees, to wit, 15% of the amount due on the note when it was first placed in the hands of an attorney for collection, or whether it was entitled to 15% of the amount unpaid on the note when the second action was instituted. In brief, defendant objects to being required to pay 15% of $6,233.48, the amount paid to plaintiff by the third-party defendant. The promise to pay the amount of the note and the promise to pay 15% of the amount due on the note, as an attorney's fee, constituted a single obligation, embodied in the note (*Roe* v. *Smyth*, 278 N. Y. 364, 368–369). Since defendant's obligation, though consisting of two promises, was a single obligation which could be enforced in a single action, plaintiff was obligated to assert its full claim in its first action. It could not accept payment of most of the sum due on the note and then, its first action having been dismissed for lack of prosecution, seek to recover in a second action, as an attorney's fee, 15% of the amount due on the note when it was first placed in the hands of the attorney for collection. It may not split its cause of action. In our opinion, plaintiff's recovery in the instant second action of an attorney's fee of 15% on the amount paid during the pendency of the first action violates the rule against splitting a cause of action (*Roe* v. *Smyth*, 278 N. Y. 364, *supra;* see, *Manufacturers Trust Co.* v. *Cavell*, 206 Misc. 818, affd. 2 A D 2d 666). Defendant in effect conceded that the unpaid balance to which the 15% is applicable includes the insurance premium of $105.37, by

contending in her brief that plaintiff was "entitled to no attorney's fees or a maximum of 15 percent of the amount sued for in the within proceeding." Accordingly, we have calculated the amount to which the plaintiff is entitled as $642.57, i.e., $453.39 on the first cause and $105.37 on the second cause plus 15% of the total of said two amounts. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.