Gilbert F. PERKINS, Plaintiff,

v.

Robert J. McGUIRE, Individually and as Police Commissioner of the Police Department of the City of New York et al., Defendants.

No. 79 Civ. 4016–CLB.

United States District Court, S. D. New York.

Nov. 29, 1979.

Ira Leitel, New York City, for plaintiff.

Allen F. Schwartz, Corp. Counsel, New York City, for defendants; Edward F. Za-. gajeski, New York City, of counsel.

---

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Defendants' motion in this civil rights action to dismiss the complaint pursuant to Rule 12(b)(6), F.R.Civ.P. on grounds of *res judicata*, and/or failure to state a claim, docketed November 9, 1979, has been en-. larged to apply to plaintiff's first amended complaint docketed November 13, 1979. This action, originally filed August 2, 1979, raises constitutional issues. Plaintiff alleges that in his attempt to secure a pension from defendants as a disabled policeman injured in the line of duty he was denied procedural due process in that he was not permitted a reasonable opportunity to examine and respond to reports of physicians, and the report of the medical board, upon which the defendants' Board of Trustees ostensibly relied in denying his claim. He also alleges that he was not afforded a meaningful opportunity to present documentary and other evidence in his favor to the medical board and the Trustees, and to controvert and explain portions of the adverse reports.

■ If proved, the denial of such procedural due process would rise to a constitutional level and would also violate New York law. See, *Lowcher v. Beame*, 405 F.Supp. 1247, 1249 (S.D.N.Y.1975); *Matter of Meschino v. Lowrey*, 31 N.Y.2d 772, 774, 338 N.Y.S.2d 625, 290 N.E.2d 825 (1972) and *Newman v. Board of Education*, 594 F.2d 299 (2d Cir. 1979). See also, *Basciano v. Herkimer*, 605 F.2d 605 (2d Cir. 1978).

■ Clearly the complaint states a claim; however we must consider whether plaintiff's prior unsuccessful Article 78 proceeding in the New York Supreme Court bars this action, as *res judicata*, or whether plaintiff comes within the exception initially established by the Court of Appeals in *Lombard v. Board of Higher Education*, 502 F.2d 631 (2d Cir. 1974), *cert. denied* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975) and amplified by later cases.

In *Newman v. Board of Education*, 508 F.2d 277 (2d Cir. 1975), *cert. denied* 420 U.S. 1004, 95 S.Ct. 1447, 43 L.Ed.2d 762 (1975), it appeared that petitioner's state court pleading, in a numbered paragraph thereof, made reference to certain conduct as being in violation of his due process and equal protection rights. The procedural due process claim was not mentioned in the state court's opinion, and our Court of Appeals held therefore that it was neither "raised nor adjudicated" in that state court action. Accordingly, the decision of the district judge dismissing Newman's civil rights action on *res judicata* grounds was unanimously reversed. Recently, in *Dieffenbach v. Attorney General of Vermont*, 604 F.2d 187, 198 (2d Cir. 1979), the *Lombard* doctrine was explained as follows:

> "Although our court for policy reasons has sometimes declined in civil rights cases to give *res judicata* effect as to constitutional issues *which might have been, but were not, litigated in an earlier state court action, Lombard v. Board of Education*, 502 F.2d 631, 635–37 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, [95 S.Ct. 1400, 43 L.Ed.2d 656] (1975), our decisions have rather clearly established that where a constitutional issue has been *actually raised and determined in the state court and was necessary to that decision*, it may not be relitigated in a § 1983 action. See *Ornstein v. Regan*, 574 F.2d 115, 117 (2d Cir. 1978); *Winters v. Lavine*, 574 F 2d 46, 56–58 (2d Cir. 1978)." (Emphasis added).

Again, in *Tomanio v. Board of Regents*, 603 F.2d 255, 258, fn. 1 (2d Cir. 1979), *cert. granted* · U.S. , 100 S.Ct. 291, 62

L.Ed.2d 305 (1979), the Court of Appeals pointed out that the rule of *Lombard* "allows a civil rights plaintiff to split his cause of action, litigate state claims in the state courts, lose, and then start all over again in federal court, asserting his constitutional or federal civil rights claims arising out of the same facts."

It appears from the foregoing that this plaintiff cannot be barred from raising constitutional issues unless those constitutional issues were necessary to the adjudication of his prior Article 78 CPLR proceeding in the New York courts, or were actually adjudicated therein. In this plaintiff's Article 78 petition he alleged that he had served 18 years as a patrolman in the Police Department of the City of New York, and that the respondent Trustees of the Police Pension Fund of the City of New York had, arbitrarily and capriciously and in violation of the Administrative Code of the City of New York, retired him as a person who suffered an ordinary disability rather than an accident disability in the line of duty, under applicable cited provisions of the Administrative Code. In a single paragraph of his state court pleading, numbered 14, petitioner alleged that respondents' decision had been "arbitrary, capricious and had violated the Administrative Code of the City and the Constitution of the United States of America and the Constitution of the State of New York and is and constitutes an unlawful discrimination against petitioner and the taking of property without due process of law."

The papers submitted in support of the petition to the Supreme Court of New York County consisted only of medical reports and an attorney's affirmation reciting the facts of plaintiff's injury and summarizing the medical reports. The attorney's affirmation also contained a general restatement of the above quoted paragraph 14.

Defendants' Answer in the state court action pleaded a general denial, incorporating by reference the findings of the medical board. It denied the factual allegation that the decision sought to be reviewed was arbitrary and capricious and alleged in conclu-

sory form that petitioner "had a full opportunity to present all medical evidence in his behalf," (¶ 21). Other affirmative defenses were pleaded having no relationship to federal constitutional questions.

The scope of the issues actually litigated appears clearly from the memorandum decision of Justice Asch, filed July 10, 1976. In the most conclusory terms, the state court found, without an evidentiary hearing, that the determination of the Board of Trustees, which concluded that the petitioner's disability was not service-connected, was neither arbitrary nor capricious. The issue before the court was described as "whether the [respondents] upon the *basis of the record which it had before it*, acted properly in retiring petitioner for ordinary disability." (Emphasis in original). There was no discussion of the constitutional claims.

The inevitable motion to reargue was made in state court. The affidavit opposing such reargument clearly shows that the parties did not litigate, and the court did not decide, any of the constitutional issues which were alleged by the petition boilerplate.

This Court concludes from the papers themselves that plaintiff's constitutional claims were not actually raised and passed upon by the state courts. *Marpugo v. Board of Higher Education*, 423 F.Supp. 704, 710 (S.D.N.Y.1976). No support was advanced there for the constitutional claims pleaded, no reference was made to them in the responsive pleading of the City, and neither the written decision of the court, nor the papers on reargument made any mention of the constitutional or federal claims.

We are not required or permitted to reconsider the wisdom of the *Lombard* rule, which is a court-made rule of policy. Ordinarily the principle of *res judicata* extends to all questions which *could* have been litigated in the prior action arising out of the same set of facts and relationships, *Schuylkill Fuel Corp. v. B & C Neiberg Realty Corp.*, 250 N.Y. 304, 165 N.E. 456 (1929), and New York does not permit litigants to split their causes of action. *Roe v.*

*Smyth,* 278 N.Y. 364, 16 N.E.2d 366 (1938). Under *Lombard* and its progeny, this plaintiff's federal claims are not barred by any *res judicata* effect resulting from his prior unsuccessful Article 78 proceeding in the Supreme Court.

The motion is denied. Counsel shall go forward with any necessary pre-trial proceedings in order to be ready for a prompt trial in this Court. A pretrial and status report conference will be held before me on January 14, 1980 in Courtroom 506 at 9:30 A.M.

So Ordered.