■    SYRACUSE ASSOCIATES, Respondent, v TOUCHETTE CORPORATION, Appellant. (Appeal No. 1.)—Judgments unanimously affirmed, with costs. Same memorandum as in *Syracuse Assoc. v Touchette Corp.* (73 AD2d 813). (Appeals from judgments of Onondaga Supreme Court—eviction.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.

unanimously affirmed; judgment otherwise reversed, without costs, and new trial granted on the issue of money damages only, in accordance with the following memorandum: Respondent Touchette Corporation (Touchette) appeals from a judgment of eviction, and respondents New York Telephone Company (New York Telephone), Syrtel Building, Inc. (Syrtel) and Touchette appeal from a judgment granting damages to petitioner against New York Telephone; granting New York Telephone's cross claim for judgment over against Syrtel; and also granting Syrtel's cross claim for judgment over against Touchette. Petitioner, as landlord, leased a two- and one-half story building to New York Telephone, as tenant, under a written lease for the term of September 1, 1968 to January 31, 1978. New York Telephone subleased a part of the building to Touchette under a written sublease for the term of August 1, 1972 to March 1, 1977. New York Telephone then sublet the entire building to Syrtel, subject to the Touchette sublease, for the term of January 1, 1973 to January 30, 1978. The Touchette sublease was last amended, effective September 1, 1973, to extend the term of the Touchette tenancy to January 31, 1978. Judgment was rendered against New York Telephone for its failure to deliver up possession of the building upon the expiration of its lease on January 31, 1978. On that date the building was vacant except for about one fourth thereof which Touchette continued to occupy beyond the term of its sublease. Prior to the expiration of its term, Touchette had received notice from petitioner, and from New York Telephone and Syrtel, that the term of the sublease would not be extended and that Touchette must timely vacate the premises. Nonetheless, Touchette remained in possession until April 17, 1978 when in open court it delivered up the keys to the building. Initially, we find no merit to Touchette's claim that equitable considerations proscribed the granting of the judgment of eviction. Nor do we find any merit to its claim that it had a right to holdover under paragraph Thirteenth of its sublease with New York Telephone. That provision simply describes the effect of occupation of the premises beyond the term and may not be construed as permitting such continued occupation. The judgment of eviction should be affirmed. Since it was Touchette's occupation of a portion of the building beyond the term which prevented Syrtel and New York Telephone from performing their obligation to surrender possession to petitioner on January 31, 1978, Touchette's liability extends to the entire building and not merely to the space it occupied (*Phelan v Kennedy*, 185 App Div 749; *Loramine Drug Stores v Kings Highway Sav. Bank*, 190 Misc 50). The judgment awarding money damages must be reversed, however, because the award was based upon the rents that would have been due under the lease by petitioner to New York Telephone for the months of February, March and April, 1978. Since petitioner never accepted Touchette's occupation of the premises beyond the term, no holdover tenancy was created and petitioner's damages must be based upon the reasonable value of the use of the building from February 1, 1978 to April 17, 1978, the date on which Touchette surrendered the premises (*Matter of Jaroslow v Lehigh Val. R. R. Co.*, 23 NY2d 991). Although we order a new trial on the issue of damages, we find no reason to disturb the award of counsel fees. Such fees are to be determined on a *quantum meruit* basis (*Matter of Mead v First Trust & Deposit Co.*, 60 AD2d 71) and the testimony at trial fully supports the award of $3,500. Touchette now claims, however, that additional counsel fees may not be awarded petitioner for services rendered on the appeal because the petitioner sought only $3,500 for such services in its demand for relief. We reject that contention. Since petitioner may not split a cause of action, it was required

to assert in these proceedings its claim for counsel fees or be thereafter foreclosed from such recovery *(Roe v Smyth,* 278 NY 364, 368-369). There is no requirement, however, that a specific amount be sought and the court is not circumscribed in the relief to be granted (CPLR 3017, subd [a]). The claim for counsel fees does not constitute an independent cause of action but is rather the exercise of a right arising from Touchette's subsidiary promise to pay petitioner's reasonable counsel fees if the proceedings we see here were required *(Roe v Smyth, supra).* Having asserted its claim for counsel fees, the only basis for an award is *quantum meruit,* absent a contractual agreement otherwise limiting the award (see *Mead v First Trust & Deposit Co., supra).* Petitioner's attorneys' fees on appeal could not reasonably have been anticipated at the time its petition was served (cf. *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 523). Thus on the new trial, the court, upon proper proof, should award petitioner a reasonable counsel fee for attorneys' services on appeal, consistent with the result here achieved and in accordance with the factors to be considered on a *quantum meruit* award. No additional award should be made for attorneys' services to be rendered to petitioner on the new trial. (Appeals from judgment of Onondaga Supreme Court—eviction—damages.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.