■ BANK OF NEW YORK, Respondent, v GERALD ZISHOLTZ et al., Appellants.—In an action to recover on a promissory note, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Murphy, J.), dated June 25, 1987, which, *inter alia,* granted the plaintiff's motion for summary judgment striking the defendants' answer, (2) an order of the same court dated July 20, 1987, which modified the order dated June 25, 1987, to the extent of fixing the plaintiff's damages at the principal sum of $22,000, (3) an order of the same court dated September 21, 1987, which struck the defendants' demand for a jury trial on the issue of the amount of the attorney's fees to be awarded to the plaintiff, (4) so much of an order of the same court dated September 21, 1987, as, upon, in effect, granting reargument of the order dated June 25, 1987, adhered to the original determination, and dismissed the defendants' counterclaims without prejudice to the commencement by the defendants of a plenary action for the relief set forth therein, and (5) a judgment of the same court (McGinity, J.), entered January 27, 1988, which is in favor of the plaintiff and against the defendants in the principal sum of $22,000, plus $3,000 in attorney's fees.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendants defaulted on a loan agreement with the plaintiff, and this action ensued. Among the terms in the agreement was a promise to pay attorney's fees incurred in connection with the loan, and a waiver of the right to a jury trial. The defendants made a jury demand, arguing that the

jury waiver did not apply to the determination of the amount of attorney's fees. The Supreme Court properly struck the demand. The waiver covered any action "in connection with this loan", and the determination of collection costs was clearly connected with the loan (cf., Century Factors v New Plan Realty Corp., 41 NY2d 1040, 1041; Roe v Smyth, 278 NY 364, 369).

We have considered the defendants' remaining contentions and find them to be without merit.

We have not considered that part of the order dated September 21, 1987, which struck the counterclaims "without prejudice to the commencement by defendant of a plenary action for the relief set forth therein", since no appeal was taken by the plaintiff. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.