■ GERALD ZISHOLTZ et al., Respondents, v BANK OF NEW YORK, Appellant.—In an action to recover damages, *inter alia,* for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered September 8, 1989, as denied its motion for summary judgment dismissing the complaint and its separate motion to vacate so much of the note of issue as demanded a jury trial.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the defendant's motion for summary judgment is granted, the complaint is dismissed, and the defendant's motion to strike the jury demand is dismissed as academic.

The parties entered into an agreement wherein the defendant loaned the plaintiffs $25,000. In a prior action involving the same loan agreement and the same parties, the defendant was awarded summary judgment in its action on the promissory note, on the ground that the plaintiffs defaulted on the loan. This court affirmed the judgment in favor of the defendant *(see, Bank of N. Y. v Zisholtz,* 150 AD2d 317).

Thereafter, the plaintiffs commenced this action claiming, *inter alia,* that the defendant breached the loan agreement and wrongfully issued a negative credit report with respect to the plaintiffs. The third cause of action of the complaint

sounding in defamation was dismissed, and is not in issue on this appeal. Thereafter, after issue was joined, the defendant moved for summary judgment dismissing the two remaining causes of action in the complaint, claiming that the plaintiffs are collaterally estopped from relitigating the issue of their default on the loan. The Supreme Court denied the defendant's motion for summary judgment. We reverse.

In order to invoke the doctrine of collateral estoppel, there must be an identity of issue which has necessarily been decided in the prior action, and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the issue now said to be controlling *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). The only disputed issue in this case concerns which party breached the loan agreement. The determination in the prior action brought by the defendant, finding the plaintiffs herein to be in default, is dispositive of the claims asserted in the first two causes of action. Under the circumstances, there are no issues of fact requiring a trial, and summary judgment should have been granted in favor of the defendant *(see, Zuckerman v City of New York,* 49 NY2d 557).

Since the complaint is dismissed in its entirety, the question of whether the plaintiffs would have been entitled to a jury trial is academic. Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.