OPINION OF THE COURT
Daniel C. Wilson, J.
The plaintiffs have moved this court for an order pursuant to CPLR 3212 for summary judgment in favor of the plaintiff in each action and against the defendant in each action upon the grounds that there are no triable issues of fact, and that there are no defenses to the cause of action asserted in the complaint warranting judgment in favor of the defendants as a matter of law. The defendants have moved this court pursuant to CPLR 3212 for summary judgment upon their counterclaim upon the grounds that there are no triable issues of fact and that there are no defenses to the cause of action asserted in the counterclaim warranting judgment in favor of the plaintiff in each action as a matter of law.
Regarding the claim of the plaintiff in each cause of action partial summary judgment will be awarded to the plaintiff on the issue of liability, but the issue of assessment of damages regarding reasonable attorneys’ fees will be scheduled for an assessment hearing to be held on May 26, 1981 at 2:00 p.m. Therefore, in the action of Revere *116 Employee’s Federal Credit Union v Donna La Pointe partial summary judgment is awarded in the amount of $2,511.22 from August 8, 1979 together with interest, cost and disbursements, with the amount of attorneys’ fees to be determined at the assessment in this action.
In the case of Revere Employee’s Federal Credit Union No. 1810 v Edmund La Pointe partial summary judgment is awarded on the claim to the plaintiff in this action in the amount of $2,051.38 plus cost and disbursements and interest from April 22, 1979 together with the amount of reasonable attorneys’ fees to be determined at a trial in this action as to assessment of damages.
In counterclaims filed as to each action the defendant has sought recovery under the Federal Truth in Lending Act for double the finance charges in each case on the basis that provisions included within the loan agreement violated that act as applied in New York courts through section 351 of the Banking Law. Accordingly, the cross motions for summary judgment seek relief as provided within the Consumer Credit Protection Act of 1968 (US Code, tit 15, § 1601 et seq., and Regulation Z [12 CFR Part 226]).
The provision within the consumer credit disclosure form in question provides as follows: “in case of default we will pay beside the principal, interest and fines due on this obligation, a sum equal to 25% thereof, but in no case less then $10.00, for attorneys fees, and/or collection charges if placed for collection or suit with an attorney or a collection agency”.
The defendant’s attorneys contend that since the law in New York State requires quantum meruit proof as to reasonable attorneys’ fees up to the stated maximum percentage, and that since reasonable attorneys’ fees may conceivably be less than 25% of the contract amount, that said provision violates section 226.6 of Regulation Z (12 CFR Part 226) in that it provides misleading or confusing information to the consumer such that would contradict, obscure, or detract attention from the information required to be disclosed under Regulation Z.
There is no question that the law in New York State provides that a fixed percentage fee is viewed only as a *117 maximum fee, limiting the amount of reasonable attorneys’ fees which the creditor may charge upon proving the extent of the necessary services actually rendered. (Matter of First Nat. Bank of East Islip v Brower, 42 NY2d 471; Matter of Mead v First Trust & Deposit Co., 60 AD2d 71.) The language of the consumer credit disclosure form in question, however, leaves the clear impression to a consumer that in any event the consumer will be paying 25% of the contract amount, but in no case less than $10 for attorneys’ fees, which clearly is not the state of the law in New York State.
Past cases involving the Federal Truth in Lending Act have made it clear that a violation would exist for overstatement of the security interest rendered by default on the agreement. (Public Loan Co. v Hyde, 47 NY2d 182.) The theory of the courts in invalidating such overstatement of security interest lies with an interpretation of the Truth in Lending Act that the type of disclosure Congress thought would “permit consumers to compare the costs of credit among different creditors and to shop effectively for the best credit buy”, were the goals sought by the legislation. (Sen Rep No. 392, 90th Cong 1st Session [1967], p 1; Ives v W. T. Grant Co., 522 F2d 749.)
In the State of Nebraska where attorneys’ fees are not allowed to be charged in the event of default on a loan agreement according to State Law, that by stating that reasonable attorneys’ fees will be allowed constitutes a violation of section 226.6 (c) of Regulation Z (12 CFR Part 226) by providing misleading information, and by thereby overstating the creditor’s rights pursuant to State law. (Anderson v Farmers Bank of Clatonia, US Dist Ct [Neb], 1980, Index Nos. CV 79-L-79, CV 79-L-153.)
Likewise, it appears that the provisions stated within the consumer credit disclosure form in question do overstate the creditor’s rights pursuant to New York State law by appearing to indicate that a percentage amount will be awarded for attorneys’ fees regardless of the amount of time and effort expended by the attorney in furtherance of the prosecution of the amount and therefore constitute misleading information within the meaning of section *118 226.6 (c) of Regulation Z governing the Federal Truth in Lending provision.
Accordingly in each case summary judgment on the counterclaim will be awarded to the defendants in the amount of double the finance charge pursuant to section 1640 (subd [a], par [2], cl [A], subcl [i]) of title 15 of the United States Code.
Therefore, summary judgment is awarded to the defendant Donna La Pointe on her counterclaim in the amount of $919.44. Judgment is awarded, on the counterclaim to the defendant Edmund La Pointe in the amount of $340.18. Interest, costs and disbursements will also be awarded to each defendant as to each counterclaim. Entry of said judgment, however, will be stayed pending the assessment of attorneys’ fees on the claim.