Deborah ALDRICH, Plaintiff,

v.

UPSTATE AUTO WHOLESALE OF ITHACA, INC., and First National Bank & Trust Co. of Ithaca, New York, Defendants.

FIRST NATIONAL BANK & TRUST CO. OF ITHACA, NEW YORK, Third-party Plaintiff,

v.

BANCONSUMER SERVICE, INC., Third-party Defendant.

No. 80–CV–944.

United States District Court, N.D. New York.

Sept. 2, 1982.

On Motion to Vacate and Amend Oct. 19, 1982.

Sarah Betsy Fuller, Brockdondale, N.Y., for plaintiff.

Crossmore & Morrison, Ithaca, N.Y., for defendant Ithaca Bank; Edward Y. Crossmore, Ithaca, N.Y., of counsel.

Lippes, Kaminsky, Silverstein & Porter, Buffalo, N.Y., for third-party defendant; Victor C. Silverstein, Buffalo, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiff brings this action against the defendants Upstate Auto Wholesale of Ithaca, Inc. [Upstate Auto], and First National Bank & Trust Co. of Ithaca, New York [Ithaca Bank], under the Federal Truth-in-Lending Act [TILA], 15 U.S.C. § 1601, *et seq.,* and Regulation Z, 12 C.F.R. Part 226. Ithaca Bank has cross-claimed against Upstate Auto in the event that Aldrich recovers on her claims. Ithaca Bank has also commenced a third-party action against Banconsumer Service, Inc. [Banconsumer], the supplier of the pre-printed contract forms upon which the plaintiff alleges that there are credit disclosure errors.

Presently pending before the Court are the plaintiff's motion for partial summary judgment, pursuant to Rule 56 Fed.R. Civ.P., Ithaca Bank's motion to dismiss the complaint, and Banconsumer's motions to dismiss the plaintiff's complaint and the third-party complaint under Rule 12 Fed.R. Civ.P.

## BACKGROUND

This case arises out of three separate consumer credit transactions. Aldrich claims that contract disclosures do not comport with the TILA and applicable regulations.

Aldrich's first claim involves her purchase, with Roland Countryman, of a 1975 Volkswagen from Upstate Auto on November 30, 1979. Upstate Auto arranged for an extension of credit under a motor vehicle retail installment plan. 15 U.S.C. § 1602(h); 12 C.F.R. § 226.2(h). Upstate Auto immediately assigned its rights under the contract to Ithaca Bank. 15 U.S.C. § 1602(f); 12 C.F.R. § 226.2(s).

The contract discloses that in the event of the buyer's default, and the creditor's subsequent suit to recover payment, "[t]here will be an attorney's fee of 15% of the amount then due ..." levied against the buyer. Aldrich maintains that this is a misleading and inaccurate disclosure of the defendants' rights under New York law, which holds that a creditor may only recover attorney's fees on a *quantum meruit* basis up to 15% of the amount then due under N.Y.Pers.Prop.Law § 302(7). Plaintiff alleges that the disclosure violates 12 C.F.R. § 226.6(c), which directs that if a creditor supplies additional information, not required by the TILA, such information must not be stated in such a way as to mislead or confuse the consumer.

Aldrich also maintains that the defendants made inaccurate disclosure of the "cash price" required by 12 C.F.R. § 226.-2(n), by including a discount given by Upstate Auto as part of the "total down payment" in violation of 12 C.F.R. §§ 226.-8(c)(1), 226.8(c)(2) and 226.8(c)(8)(ii).

The final component of Aldrich's first claim concerns the contract's disclosure of the defendants' security interest in "replacements of" or "additions to" the vehicle. Plaintiff asserts that the defendants failed to disclose that the security interest in after-acquired property is limited to such property acquired within 10 days of the transaction under New York law, N.Y.U. C.C. § 9–204(2). Aldrich maintains that the failure to disclose this limitation is a violation of 15 U.S.C. § 1638(a)(10) and 12 C.F.R. § 226.8(b)(5).

Plaintiff has settled with the original creditor, Upstate Auto, by stipulation of dismissal dated March 16, 1981. Aldrich

claims that Ithaca Bank, as an assignee of the contract under 15 U.S.C. §§ 1614, 1641(a), is jointly and severally liable for the TILA violations that are apparent on the face of the contract assigned.[1]

The second claim, asserted against Ithaca Bank only, concerns the purchase of a 1974 Chevrolet Malibu from Garage de France on April 13, 1980. The seller immediately assigned the contract to Ithaca Bank. The pre-printed portions of the form contract are identical to those involved in the November 30, 1979 contract. Aldrich asserts, as above, that the clause regarding attorney's fees available in consequence of the buyer's default violates 12 C.F.R. § 226.6(c). She also maintains that the description of the security interest taken by the creditor violates 15 U.S.C. § 1638(a)(10) and 12 C.F.R. § 226.8(b)(5).

Aldrich's final claim concerns a Retail Installment Note for a direct loan from Ithaca Bank dated July 1, 1980. The Note states that in the event of a default and subsequent suit against the borrower, Ithaca Bank would be entitled to "reasonable attorney's fees, not in excess of 20%, plus court costs." Aldrich asserts that this language also misrepresents the creditor's rights under New York law in violation of 12 C.F.R. § 226.6(c).

The plaintiff seeks to recover, on each transaction, the statutory penalty, costs and attorneys fees. 15 U.S.C. § 1640(a).

## DISCUSSION

TILA and its accompanying regulations oblige extenders of consumer credit to provide for certain disclosures in order to aid consumers in making informed decisions regarding credit purchases, and facilitating consumers in effectively comparing the cost of credit. *Mourning v. Family Publications,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Ives v. W.T. Grant Co.,* 522 F.2d 749 (2d Cir.1975).

The TILA provides for civil penalties for violations of the Act and regulations. The consumer is entitled to recover for any actual damage sustained by the violation, and also may obtain a penalty equaling twice the amount of the finance charge in connection with each transaction, except that liability shall not be less than $100 or more than $1,000. 15 U.S.C. § 1640(a). There is only one recovery for multiple failures to disclose in a single credit transaction. 15 U.S.C. § 1640(g).

■ Banconsumer, the third-party defendant seeks to dismiss the plaintiff's first claim under Rule 12(b)(1) Fed.R.Civ.P. because it arose more than one year prior to the filing of the complaint, and is therefore barred under the TILA statute of limitations. 15 U.S.C. § 1640(e). The first claim concerns a contract entered into on November 30, 1979. The original complaint was filed on November 20, 1980, within the time set forth in the statute. Thereafter, by permission of the parties, Aldrich amended her complaint on January 30, 1981. Under Rule 15(c) Fed.R.Civ.P., the amended complaint, concerning the same transactions as the original complaint, relates back to the date of the original filing. Therefore, the first claim was asserted within the statute of limitations period.

■ Banconsumer also moves to dismiss the plaintiff's first claim under Rule 12(b)(7) of Fed.R.Civ.P. on the ground that she failed to join an indispensible party under Rule 19 Fed.R.Civ.P., her joint obligor, Roland Countryman. A joint obligor is not an indispensible party under TILA. *Reid v. Liberty Consumer Discount Co.,* 484 F.Supp. 435 (E.D.Pa.1980) (and cases cited therein). *See generally Greenleaf v. Safeway Trails,* 140 F.2d 889 (2d Cir.), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944) (joint obligors are not indispensible parties under Rule 19). It should be noted that the defendant will not be subject to multiple litigation since the statute of limitations has now passed on the claim.

1. Ithaca Bank has, as stated above, cross-claimed against Upstate Auto in the event that it is found that Ithaca Bank is liable for TILA violations in the November 30, 1979 contract. Upstate Auto did not appear in connection with the present motions.

## MERITS

 Aldrich claims that all of the contracts at issue in this case contain misleading disclosures about the attorney's fees recoverable by the creditor in the event of the buyer's default. The first two contracts, those dated November 30, 1979, and April 23, 1980, state that attorney's fees will be recovered at the flat rate of 15% of the amount then due if the creditor refers it to an attorney for collection after default by the purchaser.

N.Y.Pers.Prop.Law § 302(7) limits the amount of attorney's fees that may be recovered by a creditor in a motor vehicle retail installment contract to 15%. It is well-settled in New York, as it was at the time the agreements were entered into, that the creditor may only recover a maximum of 15% of the amount due as attorney's fees, thus limiting the amount of *reasonable* attorney's fees which a creditor may charge after submitting proof of the necessary services that are actually rendered. *Matter of First National Bank of Islip v. Brower,* 42 N.Y.2d 471, 398 N.Y.S.2d 875, 368 N.E.2d 1240 (1977); *Mead v. First Trust & Deposit Co.,* 60 A.D.2d 71, 400 N.Y.S.2d 936 (4th Dep't 1977).

There is no requirement under the TILA that potential liability for attorney's fees be disclosed in the contract. However, Regulation Z provides that if the creditor chooses to disclose information not required by the law, such disclosure "shall be stated . . . so as not to mislead or confuse the consumer." 12 C.F.R. § 226.6(c).

Both Ithaca Bank and Banconsumer argue that the disclosure in these contracts is not misleading because the clause in question states that the attorney's fee will be 15%, and the 15% figure is authorized by N.Y.Pers.Prop.Law § 302(7). This argument misperceives the basis of plaintiff's argument. A 15% fee would be *authorized* under New York law, but the creditor would not be automatically entitled to it, as the language in the disclosure indicates.

Ithaca Bank argues that it is not "unlawful" in New York for parties to a retail installment contract to calculate attorney's fees as a "specific percentage" of the unpaid debt. The courts in New York use the specific percentage as a maximum recovery, and allow the creditor to collect attorney's fees under the *quantum meruit* theory outlined above instead of voiding the agreement. *See e.g., Marine Midland Bank v. Roberts,* 102 Misc.2d 903, 424 N.Y.S.2d 671 (Civ.Ct. Kings Co.1980). The issue in the present case, however, is not the enforceability of the agreement, but rather whether or not the creditor has misled the consumer for purposes of Regulation Z.

Ithaca Bank argues that, while it is true that the law will only allow the creditor to collect fees on a *quantum meruit* basis, this is a "judicial construction" of N.Y.Pers. Prop.Law § 302(7). A judicial construction of the law is the law nonetheless, and here has been present for some years before the contracts in question were entered into. The contracts overstate the creditor's right to recover attorney's fees in the event of the buyer's default, and thus misleads the consumer. It is clear from the language of the clause that a consumer would believe that he would automatically be liable for a 15% attorney's fee, which is contrary to the law of New York in violation of Regulation Z, 12 C.F.R. § 226.6(c). *Revere Emp. Federal Credit Union v. LaPointe,* 109 Misc.2d 115, 439 N.Y.S.2d 600, 602 (Rome City Court 1981).

Ithaca Bank also argues that the disclosure of the fact that only reasonable attorney's fees are available up to 15%, instead of a flat 15% as proposed by the contract, will in fact frustrate the purposes of the TILA because such disclosure would "require extensive additions and only serve to distract the consumer's attention from essential credit shopping information." (Defendant's Brief, p. 6). The Court is unable to fathom any basis for this argument. Is Ithaca Bank seriously suggesting that the insertion of the phrase "reasonable attorney's fees up to 15%" in place of "15%" is an extensive addition to the contract?

While the Court does agree that the Supreme Court has stated that a "meaningful disclosure" does not mean more disclosure,

see *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 568, 100 S.Ct. 790, 798, 63 L.Ed.2d 22 (1980), there is no applicability of that concept to this issue in the present case. A creditor may not mislead a consumer on the theory that a few extra words in the contract, *words that make the difference between a correct disclosure and a misleading disclosure,* will make the contract more difficult to read.

In her third claim, Aldrich states that the Note of July 1, 1980 contains a misleading disclosure as to the amount of attorney's fees that may be collected in the event of default. The disclosure states that "If the Bank sues me, I agree to pay reasonable attorney's fees, not in excess of 20% plus court costs." Aldrich has not set forth any theory as to why this disclosure would be misleading, and in fact only addresses this issue by stating:

> Plaintiff concedes that the attorney's fees provision in the third contract, . . . complies with New York law and with Truth-in-Lending . . . As a direct loan rather than a retail installment sale of a motor vehicle, this note is governed by B.L. § 108(4)(c)(iii) which authorizes "reasonable attorney's fees" without setting a statutory maximum. The precision of this language, however, emphasizes what is misleading and confusing about the language in the other contracts.

(Plaintiff's Brief, p. 21) (citation omitted).

The Court agrees with the plaintiff that the accuracy of the disclosure only serves to illustrate what was wrong with the disclosures in the previously discussed contracts. However, the plaintiff also concedes that there is no violation of TILA in this respect under the same theory that is advanced by Ithaca Bank and Banconsumer.[2] Since there is no question of fact involved regarding this claim, the Court believes that it is appropriate to enter summary judgment on the claim to the defendant, even though no request has been made for such relief. *See, e.g., Morrissey v. Curran,* 423 F.2d 393, 399

(2d Cir.), *cert. denied,* 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 *cert. denied sub nom., Segal v. Morrissey,* 400 U.S. 826, 91 S.Ct. 52, 27 L.Ed.2d 56 (1970); *Local 33, Int'l Hod Carriers Union v. Mason Tender Dist. Council,* 291 F.2d 496, 505 (2d Cir.1961); *Doe v. United States Civil Service Comm'n,* 483 F.Supp. 539 (S.D.N.Y.1980).

■ Ithaca Bank and Banconsumer argue that the imposition of a penalty is inappropriate because the plaintiff has not suffered any actual harm, and the matters involved here would not effect the plaintiff's credit choice. TILA does not require that the consumer illustrate that he has suffered any actual damage, but provides for a penalty. Congress sought to vest considerable enforcement powers in consumers as "private attorneys general", who by suing creditors for violations, can achieve widespread compliance without government intervention. *Bizier v. Globe Financial Services,* 654 F.2d 1, 2 (1st Cir. 1981); *Charles v. Krauss Co., Ltd.,* 572 F.2d 544, 546 (5th Cir.), *reh. denied,* 575 F.2d 881 (5th Cir.1978), *Ratner v. Chemical Bank, New York Trust Co.,* 329 F.Supp. 270, 280 (S.D.N.Y.1971).

Although TILA does provide for a "good faith" defense, 15 U.S.C. § 1640(c), the circumstances present here do not support the same. A "good faith" defense requires some proof that the violation was unintentional, resulting from a bona fide clerical-type errors where procedures exist for the correction of such errors. *See, e.g., Bizier v. Globe Financial Services,* 654 F.2d at 3; *Ives v. W.T. Grant Co.,* 522 F.2d at 757; *Haynes v. Logan Furniture Mart,* 503 F.2d 1161, 1166–67 (4th Cir.1974). No such evidence has been presented in opposition to plaintiff's motion for summary judgment.

■ Ithaca Bank argues that as the assignee of the contract, it is not liable for any violation of the Act that is not clear from the face of the instrument assigned.

---

**2.** The plaintiff does argue in her brief that the Note of July 1, 1980 violates TILA because it purports to give the creditor a security interest in after-acquired property without disclosing

that no interest can be taken in such property acquired 10 days after the contract is entered into. However, there is no such claim in Aldrich's amended complaint.

The violation regarding the disclosure of attorney's fees is clear from the fact of the contract, and so Ithaca Bank is jointly and severally liable with the original creditors. 15 U.S.C. §§ 1635, 1640(a).

The Court, therefore, finds that plaintiff is entitled to summary judgment in regard to her first two claims and the defendant Ithaca Bank's and Banconsumer's motions to dismiss the plaintiff's complaint under Rule 12(b)(6) for failure to state a cause of action are denied. There is no need to reach the merits of the other TILA violations alleged by plaintiff since she is only allowed one recovery regardless of the number of violations in the disclosure statement in each transaction. 15 U.S.C. § 1640(g).

Aldrich has not alleged actual damage in consequence of the disclosure violations, but asks for the statutory penalty of twice the amount of the finance charge involved in each transaction up to $1,000. The finance charge contained in the contract at issue in the first claim is $989.43, while the contract involved in the second claim carries a $950.43 finance charge. Thus, an award of $1,000 on each of the first two claims is appropriate, for a total award of $2,000.

Aldrich also seeks costs and attorney's fees under 15 U.S.C. § 1640(a)(3). Plaintiff's attorney shall submit an affidavit in support of the application for such fees with 20 days of the date of the issuance of this decision. Defendant is given 10 days to respond.

Finally, this Court must decide whether to grant Banconsumer's motion to dismiss the third-party complaint. The ground advanced in support of this motion is that if the plaintiff does succeed on the merits of her claim it is due to the defendant's negligence in the use of the forms. The basis of Ithaca Bank's claim against Banconsumer is that if any liability flows from the pre-printed portions of the form contracts involved in this case, such liability was caused by Ithaca Bank's reliance on the representations given by Banconsumer when it sold Ithaca Bank the forms. An evaluation of the pleadings, then, does not establish that

Banconsumer is entitled to dismissal of this claim under 12(b)(6).

## CONCLUSION

Accordingly, the Court:

(1) Grants plaintiff's motion for partial summary judgment against Ithaca Bank in an amount of $1,000 on plaintiff's first claim, and $1,000 on the second claim.

(2) Grants costs and attorney's fees to plaintiff in connection with the aforesaid motion by plaintiff for partial summary judgment. Plaintiff's attorney shall submit an application for fees within 20 days of the date of this decision, and defendant Ithaca Bank will respond thereto within 10 days of the receipt of said application.

(3) Grants defendant Ithaca Bank summary judgment on the plaintiff's third claim.

(4) Denies third party defendant Banconsumer's motion to dismiss the plaintiff's complaint.

(5) Denies third party defendant Banconsumer's motion to dismiss defendant Ithaca Bank's third party complaint.

In accordance with Rule 58 of Fed.R. Civ.P., the Clerk shall enter judgment as stated above.

IT IS SO ORDERED.

## ON MOTION TO VACATE AND AMEND

On September 2, 1982, this Court issued a Memorandum-Decision and Order in the above entitled case wherein the Court granted the plaintiff summary judgment on her first two claims, and awarded summary judgment to defendant Ithaca Bank on the third claim. *Aldrich v. Upstate Wholesale of Ithaca, Inc., et al.,* 80–CV–944 (N.D.N.Y. filed September 3, 1982).

At the time that Decision was issued, the Court was unaware of an unfiled stipulation agreement between the parties wherein they agreed that plaintiff could alter the basis of her third claim for relief. Plaintiff now moves this Court to vacate and amend paragraph 3 of the judgment, pursuant to Rule 59(e) Fed.R.Civ.P., and to reopen said

judgment for leave to amend the complaint in accordance with the stipulation. Neither the defendant, Ithaca Bank, nor the third-party defendant Banconsumer, oppose this motion.

THEREFORE, upon all of the papers filed in support of this motion, and upon the affidavit of Edward Crossmore filed on behalf of defendant Ithaca Bank, this Court hereby ORDERS that

(1) paragraph 3 of the aforesaid judgment which grants Ithaca Bank summary judgment on plaintiff's third claim is hereby vacated;

(2) plaintiff is given leave to file an amended complaint in accordance with the terms of the stipulation of the parties; and

(3) pursuant to the request of Mr. Crossmore, the Court will amend paragraph 2 of the aforesaid Decision, in that, when the plaintiff's remaining claim is adjudicated, the Court will direct plaintiff to resubmit an amended application for attorney's fees, and defendant Ithaca Bank will be given an opportunity to respond thereto.

IT IS SO ORDERED.